MᴀʀɢᴀʀᴇᴛJ. MᴄNᴇɪʟ *vs.* TɪᴍᴏᴛʜʏF. Lʏᴏɴs.

PROVIDENCE—JULY 27, 1898.

Pʀᴇsᴇɴᴛ: Matteson, C. J., Stiness and Tillinghast, JJ.

A new trial will be granted to a plaintiff in a case where, although the verdict
is in his favor, the damages awarded are inadequate compensation for the in-
juries sustained.

If one be entitled to recover at all it is for such sum as will make him whole,
not only for his actual money loss but also for his suffering and disability.

M. petitioned for a new trial on the question of damages only, and showed that
she had recovered a verdict in her favor, but that the damages awarded were
inadequate ; the whole of the evidence was not before the court and it did not
appear whether there was a good defence upon the merits :—

*Held,* that an order be made granting a new trial generally if plaintiff so elected
within ten days ; otherwise judgment would be entered on the verdict.

Tʀᴇsᴘᴀss ᴏɴ ᴛʜᴇ Cᴀsᴇ for negligence. Heard on plain-
tiff's petition for a new trial on the question of damages
only.

Tɪʟʟɪɴɢʜᴀsᴛ, J. This is the plaintiff's petition for a new
trial on the question of damages only, on the ground that
the damages awarded by the jury are grossly inadequate to
compensate her for the injuries sustained and the loss and
damage resulting from said injuries. The action is case for
negligence. It is alleged that the defendant left a pile of
sewer planking in front of the door of plaintiff's house, and
that she, while going from said door to the area or walk
immediately in front thereof, in the evening, to attend to a
lady friend who had called, fell over said pile, which was not
protected by any light or otherwise, and was seriously in-
jured. The jury assessed the plaintiff's damages at the sum
of $1,000.

An examination of the evidence satisfies us that this sum
is clearly inadequate to compensate the plaintiff for the dam-
ages sustained. Her injuries were such as to require medical
attendance daily, for a long time, and, at short intervals, up
to the time of the trial, which was about nine months after
the accident, and, according to the testimony of several repu-

table physicians, she will require medical attendance for a considerable time, at least, in the future.    There is no claim made that the plaintiff is simulating or feigning pain and disease ; but, on the other hand, all of the medical experts, including the one called by the defendant, agree that she is seriously and may be permanently injured, and that her suffering has been both protracted and severe.    She has not been able to do any work since the accident, and it is with difficulty that she can get about the house.    Her doctors' bills at the time of the trial amounted to $485, while her loss of time at the shop, where she was employed and was earning on an average $10 per week, amounted to about $400 more.    In view of these facts, it needs no argument to show that the damages awarded were not compensatory.    The case is distinguishable from *McGowan* v. *Railway Co.*, 20 R. I. 264, relied on by defendant's counsel, in that there the plaintiff was awarded five thousand dollars, while the doctor's bills and other direct money losses,.as we recollect them, were much less than in the case before us; although we are not inclined to think that the plaintiff in this case was so seriously injured as was the plaintiff in that.    But if the plaintiff here is entitled to recover at all, she is clearly entitled to receive such sum as will fairly compensate her, or make her whole, not only for her actual money loss, but also for her suffering and disability.    See *Whipple* v. *Wanskuck Co.*, 12 R. I. 321.

In *Collins* v. *Railway Co.*, 12 Barb. 492, the law is briefly stated thus:    " Where the damages found by the jury are either *so large or so small* as to force upon the mind of every man, familiar with the circumstances of the case, the conviction that by some means, the jury has acted under the influence of a perverted judgment, it is the duty of the court in the exercise of a sound judicial discretion, to grant a new trial."    See also *Holyoke* v. *Railway*, 48 N. H. 541; *Richards* v. *Sanford*, 2 E. D. Smith, 349.

As the evidence is not all before us, we cannot properly grant the plaintiff's request that the new trial shall be had on the question of damages only, as it may be that the de-

fendant has a good defence on the merits of the case. But if the plaintiff desires a new trial generally, and shall so elect, in writing, within ten days from the filing of this opinion, an order may be made granting the same. Otherwise the petition to be denied and judgment entered on the verdict.

NOTE.—The plaintiff elected to take a new trial.

*John W. Hogan,* for plaintiff.

*Stephen O. Edwards, Walter F. Angell, Seeber Edwards, and Albert Gerald,* for defendant.