(34 Misc. Rep. 480.)

AHERNE v. PLATE et al.

(Supreme Court, Trial Term, Kings County. April, 1901.)

PERSONAL INJURIES—INSUFFICIENT DAMAGES.

    Where, in an action for personal injuries, the evidence shows substantial damages suffered, a verdict for nominal damages will be set aside, the verdict having established the fact of negligence on the part of defendant and want of contributory negligence on the part of plaintiff.

Action by Bridget Aherne against Charles Plate and others to recover for personal injuries. Verdict for plaintiff. Motion for new trial for inadequate damages. Motion granted.

Rufus O. Catlin, for plaintiff.

Petrasch & Burnet (Alvin C. Cass, of counsel), for defendants.

HOUGHTON, J. The action is for personal injuries received by being run over by a horse and wagon driven by the defendants' servant. The plaintiff is 6 or 7 years of age, and the injuries received were quite severe. The jury rendered a verdict for six cents. The plaintiff moves for a new trial because of inadequacy of damages. I think the evidence presented a question for the jury to say whether plaintiff's parents used proper care in allowing her to be in the street on the day in question, and also whether the defendants' servant was negligent in his driving. The jury found in favor of plaintiff on these propositions, and thus she became entitled to a verdict sufficient to compensate her for the injuries which she sustained. Of course, six cents is not sufficient for that purpose. Nor can the verdict be treated as one for the defendants. The essential facts being found for plaintiff, reasonable damages flow necessarily. Morris v. Railway Co., 51 App. Div. 512, 64 N. Y. Supp. 878; Saperstone v. Railroad Co., 25 App. Div. 285, 49 N. Y. Supp. 486. What is the better practice, and what should have been done in this case, is for the court to refuse to receive such a verdict, and instruct the jury either to render a verdict for substantial damages, or find in favor of the defendants. The court has power over a verdict until recorded, and this course would secure a proper verdict, one way or the other, and avoid a new trial. A verdict for nominal damages, when substantial injury has been received, cannot be treated as a verdict for the defendants, because the fact of negligence of the defendants and lack of contributory negligence has been found against the defendants, and reasonable damages flow therefrom necessarily. The motion for a new trial is granted; costs to abide the event.

Motion granted, with costs to abide event.