CLARENCE M. RAWITZER v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 12, 1905.

Nos. 14,265—(81).

**New Trial.**

>   Action to recover damages for the death of the plaintiff's intestate, caused by the wilful negligence of the defendant. Verdict for the plaintiff for one dollar. *Held*, that the defendant was not entitled to a directed verdict, and that the trial court rightly granted a new trial for inadequacy of the damages.

Action in the district court for Ramsey county by plaintiff as administrator of the estate of Harry Jacobs, deceased, to recover $5,000 for the death of decedent. The case was tried before Olin B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff for one dollar. From an order granting a new trial, defendant appealed. Affirmed.

*Munn & Thygeson,* for appellant.

*Welch, Hayne & Hubachek* and *Jones & Jones,* for respondent.

START, C. J.[2]

The plaintiff's intestate, a young man, seventeen years of age, was, on October 1, 1903, killed by being struck by one of the defendant's cars. This action was brought to recover the damages sustained by the next of kin on the ground that his death was caused by the alleged wanton and wilful negligence of the defendant. On the first trial of the action the court directed a verdict for the defendant, and upon an appeal to this court from an order denying the plaintiff's motion for a new trial the order was reversed on the ground that the evidence made the question of the wilful and wanton negligence of the defendant's motorman in charge of the car one of fact for the jury. Rawitzer v. St. Paul City Railway Co., 93 Minn. 84, 100 N. W. 665. The second trial resulted in a verdict for the plaintiff in the sum of one dollar. Thereupon the plaintiff made a motion for a new trial of the

[1] Reported in 103 N. W. 499.

[2] JAGGARD, J., took no part, having presided at first trial.

cause on the ground of inadequacy of the damages. This was met by a counter motion by the defendant for judgment notwithstanding the verdict. The trial court made its order denying the motion for judgment and granting the motion for a new trial. The defendant appealed from the whole order.

It is too obvious to justify any discussion that the award of one dollar as the value of a father's pecuniary interest in the life of his son seventeen years old was a reproach to the administration of justice. It follows that the action of the learned trial judge in granting a new trial was right, unless the defendant was, as a matter of law, entitled to a directed verdict in its favor. This proposition is not contested by the defendant's counsel.

The sole question here to be decided, then, is whether the court erred in not directing a verdict for the defendant. The general facts of this case are stated in the opinion of this court on the former appeal, to which reference is here made for a clear statement of the law of the case. The evidence on the second trial on behalf of the plaintiff was substantially the same as on the first trial. The motorman in charge of the car, however, testified, in effect, that he did not discover the deceased in a place of danger until the car was within some forty feet of him, and that he then did all that it was possible to do to stop the car in time to save him. The motorman did not testify on the first trial as to the accident. The contention of the defendant is that upon the record as it now stands it was entitled to a directed verdict at the close of the case. If the evidence, without the motorman's testimony, made a case for the jury—as we must hold in view of the decision on the former appeal—his testimony could not make the question of the defendant's alleged negligence one of law to be decided by the court in its favor. The credibility of the motorman and the weight to be given to his testimony were for the jury. We hold that the defendant was not entitled to a directed verdict in its favor, and that the order granting a new trial was right.

Order affirmed.