# Hardeman *v*. Williams.

## *New Trial.*

### (Decided Dec. 17, 1908. 48 South. 108.)

*New Trial; Grounds; Inadequacy of Damage.*—Where one count was for trespass by defendant's agent upon realty and personalty, and the other was for trespass upon personalty only, and the evidence showed that the defendant's agent went as a volunteer with the constable to levy on plaintiff's goods, stating at the time that plaintiff was a bad woman and they might have to have a fight,, and interfered when plaintiff struck the constable, a verdict for plaintiff for one cent damages was properly set aside for inadequacy of damages.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWN.

Action by Sallie Williams against B. F. Hardeman. From an order setting aside a verdict for plaintiff, and granting a new trial, defendant appealed. Affirmed.

The facts and the pleading in the original case appear in a former report of the case in *Hardeman v. Williams*, 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653. The second ground for motion for a new trial is because "that, if plaintiff was entitled to recover, as the jury found she was, she was entitled to a verdict of more than one cent." The amended count A claims damages for "a trespass done or caused to be done by L. E. Meyers, an agent or servant of defendant, acting within the scope of his employment in or about the duties or business assigned to him as such agent or servant upon the following property: (Here follows a description of the property, which includes a dwelling house and certain personal property.)" Count B is the same as count A, except that the trespass is alleged to have been committed upon personal property. The testimony of the witness Hermann, referred to, was that Meyers and Falli-

[Hardeman v. Williams.]

gant came to him to go with them to get possession of the furniture, and that Meyers stated that Sallie Williams was a bad woman, and that they might have a fight to get possession of the furniture, but that she could not throw them out, even if they had to choke her or overpower her to some extent, and that he does not recall that Meyers did anything, except to interfere when Sallie Williams struck him, the witness.

INGE & McCORVEY, and MARK BRAINARD, for appellant. Counsel take the position that the court could have given the affirmative charge for the defendant, and that, therefore, the court erred in setting aside the verdict rendered for the defendant.—*Hardeman v. Williams,* 150 Ala. 415. There was no error in giving the 4th charge, the basis for the 4th ground for the motion.— *Street v. Sinclear,* 71 Ala. 110; *Lehman v. Shackelford,* 50 Ala. 437.

CHARLES W. THOMPSON, and CHARLES L. BROMBERG, for appellee. No brief came to the Reporter.

ANDERSON, J.—We cannot say that the trial judge erred in granting a new trial in this case. If not justified for other reasons, the evidence warranted him in setting the verdict aside upon the second ground of the motion. Nor can we say that he erred because the defendant was entitled to the general charge. The evidence is materially different upon this appeal from what it appears to have been in the former report of the case (150 Ala. 415, 43 South. 726, 10 L. R. A. [N. S.] 653) as to Meyers' connection with the trespass and assault. See testimony of Hermann. Moreover, two additional counts were added after the case was reversed, and, if the plaintiff's right to recover stood upon them alone,

[Brown v. Findley.]

which we do not decide, they were proven, and the defendant did not prove his special pleas beyond dispute. The fourth plea justified under a mortgage then unpaid and there was evidence that it was paid. The fifth plea justifies under process and at the request of the constable, "Hermann." Yet Hermann testified that Meyers went there as a volunteer.

The judgment of the circuit court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.