————o————

## ANNIE FULMELE vs. JOHN FORREST.

1. LANDLORD AND TENANT—DEFECTIVE PREMISES—PRESUMPTION OF NEGLIGENCE.

Where plaintiff's husband as the result of a fall on the steps of a tenement in which they resided, because of alleged negligence of the landlord in making repairs, there was no presumption of negligence, either on the part of the landlord or of plaintiff's husband, from the mere fact that injury resulted to him, causing his death.

2. LANDLORD AND TENANT—REPAIRS—NEGLIGENCE.

Where a landlord, though not bound to make repairs, undertakes to do so, he is liable for injuries resulting from the negligence of himself or his servants in making them.

3. LANDLORD AND TENANT—DEFECTIVE PREMISES—REPAIRS—NEGLIGENCE—INJURIES TO TENANT.

Where a tenant died as the alleged result of injuries sustained by falling on the steps of his tenement, due to the landlord's alleged negligence in making repairs, the landlord would not be liable if deceased could have avoided his injuries by the exercise of ordinary care, or if they resulted because of intoxication and not from the condition of the steps.

4. DEATH—MEASURE OF DAMAGES.

The damages a widow is entitled to recover for the death of her husband are such as will reasonably compensate her for any and all pecuniary damage she sustained, or might sustain in the future, by reason of the loss of her husband, governed by the portion of his gross income that she probably would have received, had he lived.

5. NEW TRIAL.—INADEQUATE DAMAGES.

Whether a new trial should be granted because of inadequate damages rests in the sound discretion of the trial court.   In general, the courts will not disturb verdicts merely for inadequacy, unless the verdict clearly indicates passion, partiality, prejudice, mistake, or misapprehension.

6. NEW   TRIAL—INADEQUATE   DAMAGES—NOMINAL   DAMAGES—CONSTRUCTION.

Where, in an action for death, it did not necessarily appear that plaintiff was entitled to recover substantial damages, and the jury could reasonably have found that she was not entitled to recover at all, a verdict for nominal damages would be regarded as in the nature of a verdict for defendant, and would not be set aside for inadequacy.

(*March* 25, 1913.)

PENNEWILL, C. J., and BOYCE, J., sitting.
*William S. Hilles* for plaintiff.
*Malloy* and *Brady* for defendant.
Superior Court, New Castle County, March Term, 1913.

ACTION ON THE CASE (No. 8, January Term, 1911) to recover damages for the loss and death of plaintiff's husband, alleged to have been occasioned by the negligence of the defendant, in repairing certain stairs or steps.

Verdict for plaintiff for six cents.   Motion for new trial. Refused.

From the testimony, in behalf of the plaintiff, it appeared that the deceased with his family had for about two years, next preceding his death, occupied a certain dwelling house, in the City of Wilmington, as tenant of the defendant owner, under a verbal demise without agreement to make repairs.   There were stairs or steps leading from the back porch to the yard, and being in a defective, unsafe condition, the wife of the deceased, two or three months before the accident, made a request that they be repaired, which was done, in a temporary manner, by a carpenter sent to make the necessary repairs.   There was testimony to the effect that the repairs, so made, were satisfactory to the plaintiff's wife, and no complaint was subsequently made; that on .the evening of the accident, the deceased started to go down the stairs when one of the steps broke and he fell and ruptured his kidneys; that he died on the third day thereafter.   The physician, called in the next morning, found the deceased suffering from rup-

Prayers.

tured kidneys; and he testified that death resulted from peritonitis in consequence thereof; that it was his opinion, a fall, such as the deceased received, could occasion the ruptured condition of the kidneys such as he found.

There was testimony for the defendant, which was not denied, to the effect that the deceased was found in a very intoxicated condition on a cellar door, on one of the streets in the city, and was taken home in a cab, two or three hours before the accident, and placed on a cot in the kitchen. And it was claimed for the defendant that the deceased, in trying to go down the stairs, fell owing to intoxication, thereby breaking the steps because of his weight, causing his injuries, and that his fall was not due to the condition of the steps. No one saw deceased leave the cot to go down the steps, but he was seen immediately after his fall; and there was testimony to the effect that he was not then intoxicated.

## PLAINTIFF'S PRAYERS.

While it is not the duty of the landlord to make repairs to demised property, in the absence of a covenant to do so; if he does make such repairs, he is bound to do them in a proper way. 24 *Cyc.* 1116; *La Brasca v. Hinchman*, 81 *N. J. Law*, 367, 79 *Atl.* 885; *Callahan v. Loughran*, 102 *Cal.* 476, 36 *Pac.* 835; *Gregor v. Cady*, 82 *Me.* 131, 19 *Atl.* 108, 17 *Am. St. Rep.* 466; *Gill v. Middleton*, 105 *Mass.* 477, 7 *Am. Rep.* 548; *Hysore v. Quigley*, 9 *Houst.* 350, 32 *Atl.* 960.

## DEFENDANT'S PRAYERS.

1. The law does not imply any covenants in a lease. If the landlord does not expressly undertake to keep the premises safe he is not charged with that duty.

2. Where repairs are voluntarily made by the landlord, such fact is not an admission of liability on the part of the landlord to make repairs generally and to keep the premises in repair.

3. If the landlord voluntarily repaired the steps, and if such repairs were defective, then in order to put the landlord in default, it is necessary to show actual notice of the defect, or that

it had existed for such a length of time prior to the accident as to charge him with constructive notice.

4.   If the deceased by ordinary care could have avoided the consequences to himself, the plaintiff is not entitled to recover. If intoxication of the deceased led to his fall and injury, even though the steps were out of repair, he was guilty of contributory negligence and the plaintiff cannot recover.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by Annie Fulmele, the plaintiff, against John Forrest, the defendant, to recover damages for the death and loss of Andrew A. Fulmele, the husband of the plaintiff, alleged to have been occasioned by the negligence of the defendant.

The declaration contains one count only, and complains, in substance: That whereas, etc., at the time, etc., the defendant was the owner of a certain dwelling house, known as, etc., in this city, and Andrew A. Fulmele, the husband of the plaintiff, was tenant and occupied and resided in said dwelling house under a demise thereof from the defendant. That for some time prior to the twenty-ninth day of October, A. D. 1910, certain steps or stairs leading from the porch of the said dwelling house became and were greatly out of repair, so that the same were unsafe for use by the said Andrew A. Fulmele and others who had occasion to use the same. That on or about the month of August, A. D. 1910, the said defendant did undertake and did make certain repairs to said steps or stairs, whereupon the said plaintiff avers that it then and there became the duty of the said defendant to make such repairs in a careful, skillful and workmanlike manner, so that the said steps or stairs might then and there and thereafter be reasonably safe for persons having occasion to use the same, etc.   That on or about the twenty-ninth day of October, A. D. 1910, while the said Andrew A. Fulmele was in the exercise of due care and caution, using the said steps or stairs, the same by reason of their condition as aforesaid broke, and thereby the said Andrew A. Fulmele fell with great force and violence and suffered injuries whereof, on or about the first day of November, A. D. 1910, he died.

Charge.

The facts disclosed by the evidence are within a narrow scope, and we shall not attempt a statement thereof.

[1-3] This action is based upon the alleged negligence of the defendant which must be proved, and the burden of proving it rests upon the plaintiff. Negligence is defined to be a failure to observe for the protection of the interest of another person that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury. There is no presumption of negligence either on the part of the plaintiff's husband, or of the defendant, from the mere fact that injury resulted to the plaintiff's husband, causing his death. Whether his injuries or death resulted from the negligence of the defendant as alleged, you must determine from all the facts and circumstances of this case as disclosed by the evidence. No claim is made that the defendant landlord undertook at the time of the verbal letting of the dwelling house, occupied by the deceased at the time of the accident, to keep the demised premises in repair. The law is that where the landlord does undertake to make repairs, he is liable for injuries resulting from the negligence of himself or his servants, in making such repairs, and this is true where the landlord is under no obligation to make such repairs, but undertakes to make them voluntarily or gratuitously. 24 *Cyc.* 1116. So in this case the question is not whether the steps were out of repair and unsafe at the time the request to repair was made, but whether the landlord through his representative or agent made the repairs, and if so, were they performed so negligently and unskillfully as that the deceased was subsequently injured in consequence thereof? If the alleged defective repairs proximately caused the injuries resulting in the death of the plaintiff's husband without his fault contributing to his injuries, your verdict should be for the plaintiff. If the deceased by the exercise of ordinary care could have avoided his injuries, or if his injuries resulted because of intoxication and not from the condition of the steps, the plaintiff cannot recover.

[4] If you find for the plaintiff, it should be for such a sum of money as will reasonably compensate her for any and all damages that she has sustained, or may hereafter sustain, by reason

of the death and loss of her husband, governed by what portion of the gross earnings or income the plaintiff would probably have received from the deceased if he had lived.

Your verdict should be for that party in whose favor you find the preponderance or greater weight of the testimony.

Verdict for plaintiff.

Motion by the plaintiff for a new trial on the ground of the inadequacy of the amount of the verdict.

## BRIEF OF PLAINTIFF.

The plaintiff's husband was a man in good health, about forty-six years of age, making from fifteen to seventeen dollars a week, at the time he met his death by reason of the accident complained of. The jury in finding a verdict for six cents damages, awarded an amount plainly inadequate to compensate the plaintiff for the damages occasioned by the death of her husband.

Apparently there is no reported case in which a verdict has been set aside by this court on the mere ground of inadequacy of damages.

In *Johnson v. Porter*, 2 *Harr.* 325, the court says:

"We shall not now decide that this court will, in any case, set aside a verdict for a mere inadequacy of damages; and we do not decide the reverse."

In *Woolley's Del. Prac.* § 736, it is said:

"There is no case in this jurisdiction in which the court has granted a new trial because the damages were too small. Inadequacy of damages, which amounts to a violation of plain and obvious principles of law, however, has been considered a good ground for which to grant a new trial."

It is submitted that, both in England and in this country, the same rule is applied by the courts, at this time, granting new trials where the damages are excessive and where they are inadequate.

*Sedgwick on Damages*, § 1326, says:

"And it is now settled that a verdict will be set aside as inad-

equate for the same reasons that justified setting a verdict aside if excessive."

The rule is laid down in 29 *Cyc.* 847, as follows:

"That the damages recovered are clearly inadequate compensation for the injury sustained is generally ground for a new trial. Where the evidence shows that the prevailing party was entitled to substantial damages, if any, a verdict for nominal damages only, or for an amount clearly less than the damages proved, should be set aside, although the evidence as to liability was conflicting."

The following cases are in point: *Falvey v. Stanford, L. R.* 10 *Q. B.* 54; *Carter v. Wells Fargo & Co. (C. C.)* 64 *Fed.* 1005.

A verdict may generally be set aside for inadequacy upon the same grounds that warrant the court in interfering where they are excessive. *Gaither v. Railroad Co. (C. C.)* 27 *Fed.* 545; *Schrader v. Hoover*, 87 *Iowa* 654, 54 *N. W.* 463; *Ray v. Jeffries*, 86 *Ky.* 367, 5 *S. W.* 867; *Rawitzer v. St. Paul City Railway Co.*, 94 *Minn.* 494, 103 *N. W.* 499; *McDonald v. Walter*, 40 *N. Y.* 551; *Aherne v. Plate*, 34 *Misc. Rep.* 480, 70 *N. Y. Supp.* 254; *Bradwell v. Pittsburg, etc., Railroad Co.*, 139 *Pa.* 404, 20 *Atl.* 1046; *McNeil v. Lyons*, 20 *R. I.* 672, 40 *Atl.* 831; *Whitney v. Milwaukee*, 65 *Wis.* 409, 27 *N. W.* 39; *Migliaccio v. Fuel Co.*, 151 *Iowa* 705, 130 *N. W.* 720; *Leavitt v. Dow*, 105 *Me.* 50, 72 *Atl.* 735, 134 *Am. St. Rep.* 534, 17 *Ann. Cas.* 1072; *Alton v. Railroad Co.*, 107 *Minn.* 457, 120 *N. W.* 749; *Clark v. Railroad Co.*, 33 *R. I.* 83, 80 *Atl.* 406; *Aboltin v. Heney*, 62 *Wash.* 65, 113 *Pac.* 245; *Anderson v. Lewis*, 64 *W. Va.* 297, 61 *S. E.* 160; *Hardeman v. Williams*, 157 *Ala.* 422, 48 *South.* 108; *Railroad Co. v. Mason*, 81 *Ohio St.* 463, 91 *N. E.* 292, 28 *L. R. A. (N. S.)* 130; *Miller v. Miller*, 81 *Kan.* 397, 105 *Pac.* 544.

Verdicts were set aside for inadequacy of damages, where the action was for damages occasioning death, in *Usher v. Scranton Railway Co. (C. C.)* 132 *Fed.* 405; *Rawitzer v. St. Paul City Railway Co.*, 94 *Minn.* 494, 103 *N. W.* 499; *Lee v. Publishers*, 137 *Mo.* 385, 38 *S. W.* 1107; *Burns v. Merchants', etc. Oil Co.*, 26 *Tex. Civ. App.* 223, 63 *S. W.* 1061; *Migliaccio v. Smith Fuel Co.*, 151 *Iowa*, 705, 130 *N. W.* 720; *Netter's Admr. v. Louisville Railway Co.*, 134 *Ky.* 678, 121 *S. W.* 636.

11

### BRIEF OF DEFENDANT.

A verdict in an action to recover damages incapable of ascertainment by some standard of measurement, and where the damages are unliquidated and the amount to be awarded is discretionary with the jury, will not be set aside for inadequacy of damages. *Abbott, Civil Trial Proof*, 521; *Moseley v. Jamison*, 68 *Miss.* 336, 8 *South.* 74.

A verdict in an action for personal injuries will not be set aside for inadequacy, unless it shock the conscience and clearly show that the jury must have been influenced by passion or prejudice, or that they arrived at their conclusion on some erroneous basis. *McGowan v. Interstate R. Co.*, 20 *R. I.* 264, 38 *Atl.* 497; *Benton v. Collins*, 47 *L. R. A.* 33 (*note*); *Flanders v. Meath*, 27 *Ga.* 358.

BOYCE, J., delivering the opinion of the court:

[5] The question whether a verdict should be set aside and a new trial granted because of inadequate damages rests in the sound judicial discretion of the trial court. Generally courts are adverse to disturbing verdicts merely on the ground of inadequacy, and will not do so unless the verdict clearly indicates some such wrong or error, as passion, partiality, prejudice, mistake, or misapprehension.

Where a verdict is grossly inadequate, or, as in this case, is merely nominal, and it manifestly appears that the plaintiff is entitled to substantial damages, the same legal principles govern, in an application for a new trial, as where the damages awarded are grossly excessive. But a verdict should not be set aside for inadequacy where the facts and attending circumstances relied upon for a recovery of substantial damages are not clear and undisputed.

[6] If, upon a careful consideration of all the evidence, it does not appear that the plaintiff is entitled to have a recovery for substantial damages, as we think the jury in this case may very reasonably have found under all the facts adduced, the court should not set the verdict aside, but rather treat an award of nominal damages for the plaintiff in the nature of a verdict for the defendant.

Motion Denied.

It was incumbent upon the plaintiff to show by a preponderance of the evidence that the injury complained of was occasioned by the negligence of the defendant. Under the evidence, the jury may very well have been uncertain (1) as to the primal cause of the accident; (2) as to the defendant's responsibility therefor; and (3) as to whether the deceased did not equally contribute to his injuries.

We are of the opinion that the verdict should be taken as a finding that the plaintiff was not entitled to recover; for we are unable to say, had the jury found for the defendant, that such a verdict would be inconsistent with any fair deduction from the evidence, the general character of which is indicated in the statement above.

We are constrained to deny the motion for a new trial, and the motion is dismissed.