# Aetna Accident & Liability Co. *v.* Birmingham R. L. & P. Co.

### Damage to Automobile.

#### (Decided December 7, 1916. 73 South. 383.)

1. **New Trial; Motion to Set Aside Verdict.**—Where the action was for damages to an automobile, and the undisputed evidence showed that the damage to the car was at least $600, and the jury found for plaintiff in the sum of only $20, the court should have granted plaintiff's motion to set aside the verdict and judgment on the ground that if plaintiff was entitled to recover at all, it was entitled to recover more than $20.

2. **Same; Duty of Supreme Court.**—In such a case it is the duty of the appellate court to render the judgment which should have been rendered by the court below—to set aside the judgment and grant a new trial.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

The Aetna Accident & Liability Company sued the Birmingham Railway, Light & Power Company for damages to an automobile in collision with a street car, and recovered a verdict in the sum of $20. It made a motion to set aside the verdict and judgment and to be granted a new trial, on the ground that, if entitled to recover, it was entitled to a verdict for more than the sum granted, on the undisputed evidence in the case. The court overruled the motion and plaintiff appealed. Judgment reversed, and the motion to set aside the verdict and judgment granted, and the cause remanded.

Transferred from Court of Appeals.

ALLEN, BELL & SADLER, for appellant. TILLMAN, BRADLEY & MORROW, for appellee.

SOMERVILLE, J.—This is an action to recover for damage done to an automobile in a collision with one of defendant's cars, due, as alleged, to the negligence of defendant or its servants. The undisputed evidence shows that the damage to the car, resulting directly from the collision, was at least $600. The jury found for the plaintiff, but they awarded as damages the scarcely more than nominal sum of $20. Plaintiff moved to set aside the

[Stuart v. Holt, et al.]

verdict and judgment on the ground, among others, that "if entitled to recover at all, it was entitled to recover more than $20." This motion was overruled, and that action is now assigned for error.

(1) In accordance with the law as settled in this state and elsewhere, planitiff's motion should have been granted.—*Hardeman v. Williams,* 157 Ala. 422, 48 South. 108; *L. & N. R. R. Co. v. Street,* 164 Ala. 155, 51 South. 306, 20 Ann. Cas. 877; *Moseley v. Jamison,* 68 Miss. 336, 8 South. 744; 4 Sedg. on Dam. (9th Ed.) § 1368; 29 Cyc. 847, c, and numerous cases cited.

(2) If there were any dispute as to the amount of damages suffered, we would hesitate to reverse the judgment of the trial court on such a motion. But, there being no dispute, it is our duty to render here the judgment which should have been rendered below, granting a new trial, and it is so ordered.

Judgment reversed, motion to set aside verdict, and judgment granted, and the cause remanded.

Reversed, rendered, and remanded.

McCLELLAN, MAYFIELD, and THOMAS, JJ., concur.