(82 South. 26)

## JONES et al. v. WOODWARD IRON CO. (6 Div. 892.)

(Supreme Court of Alabama. May 1, 1919. Rehearing Denied May 22, 1919.)

1. APPEAL AND ERROR ☜1027 — APPEAL FROM JUDGMENT FOR APPELLANT — QUESTIONS REVIEWABLE.

Where appeal is from judgment for appellant, review will not include questions pertaining alone to right to recover; the judgment having concluded such inquiries.

2. APPEAL AND ERROR ☜1061(4)—ERRONEOUS INSTRUCTIONS—HARMLESS ERROR.

The giving of the general affirmative charge against recovery based upon counts was without prejudice to plaintiffs appellants, where they enjoyed the rights under averment of other counts.

3. EVIDENCE ☜332(3) — PLEADINGS—POLLUTION OF STREAM.

Where, in an action by lower riparian owners against upper riparian owner for damages due to pollution of stream, a prior judgment against defendant in favor of plaintiffs restricted their possible right of recovery in the present action to a period elapsing between certain dates, the complaint in the prior action was properly admitted.

4. WATERS AND WATER COURSES ☜76 — POLLUTION OF STREAM — PUNITIVE DAMAGES.

In action by lower riparian owners against upper riparian owner for pollution of stream, where there was no evidence tending to show malice or oppression, the court did not err in declining to instruct that punitive damages might be recovered.

5. TRIAL ☜237(1) — INSTRUCTION — PREPONDERANCE OF EVIDENCE.

In instructing that if the minds of the jury are left in a state of doubt "and" confusion as to how much of plaintiffs' alleged damages was proximately caused by the defendant, it being shown in the evidence that the stream had other distinct sources of pollution, substantial damages could not be awarded to plaintiffs; the court committed no reversible error.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] 202 Ala. 674.

**6. WATERS AND WATER COURSES ☞77 — POLLUTION OF STREAM—ACTION—EVIDENCE ADMISSIBLE.**

In action by lower riparian owners for pollution of stream by upper riparian owner, a denial to plaintiffs of the benefit of a witness' answer to question whether conditions had not been worse since defendant iron company built its furnace and by-product plant was prejudicial error, plaintiff having burden of showing that damages were due to wrong attributable to defendant acting independently.

**7. TRIAL ☞82—OPINION EVIDENCE—OBJECTION.**

Sustaining objection to question calling for opinion comparing offensive odors of water of stream in question with other offensive odors, is not error; no ground of objection being stated.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Leo Jones and others against the Woodward Iron Company. From a judgment in their favor for $1, plaintiffs appeal. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded.

Pinkney Scott, of Bessemer, for appellants.

V. J. Nesbit, of Birmingham, and Huey & Welsh, of Bessemer, for appellee.

McCLELLAN, J. Action by appellants, lower riparian owners, against the appellee for damages resulting to the land of the appellants from the pollution of a stream, the course of which is through appellants' property. The plaintiffs recovered a judgment for $1. The general issue alone was pleaded.

[1] Where, as here, the appeal is from a judgment in favor of the appellant, the review will not include questions pertaining alone to the right to recover; the judgment having concluded such inquiries. Randle v. B. R., L. & P. Co., 169 Ala. 314, 318, 53 South. 918.

[2] At the request of the defendant the court gave the general affirmative charge against recovery based upon counts 3 and 4 of the complaint. Since the plaintiffs enjoyed the like rights under the averments of counts 1 and 2 of the complaint, this action of the court was without prejudice to the plaintiffs appellants. Jones v. Tenn. Co., 202 Ala. 381, 80 South. 463, 465.

[3] The effect of the previous action against this defendant and judgment thereon in favor of these plaintiffs, subsequently paid by this appellee, for damages accruing during the year 1916, up to December 30, 1916, to the same land, restricted the plaintiffs' possible right to recover in the present action to the period elapsing between December 30, 1916, and November 30, 1917, a period covering but 11 months. The complaint in the other action was properly admitted for its bearing on this phase of the issue. The plaintiff Leo Jones testified:

"We sued the Woodward Iron Company and got a judgment against it, and they paid it. My land is permanently ruined now, of course. I testified in 1916 that it was permanently ruined. I guess that fact went to the jury on which they awarded us damages."

The trial court proceeded on the stated theory in instructing the jury, and also in refusing the plaintiffs' special requests for instructions that included in their hypotheses, quite correctly, the right to have the damages admeasured as for "one year" next preceding the date the present action was instituted. If this course had not been taken by the trial court, the plaintiffs' right to an overlapping, double measure of recovery would have been improperly recognized.

[4] The trial court in instructing the jury correctly applied the doctrine of Tenn. Co. v. Hamilton, 100 Ala. 252, 260, 261, 14 South. 167, 46 Am. St. Rep. 48, recently, as often, reiterated in Jones v. Tenn. Co., 80 South. 463,[1] wherefore it results that the defendant's possible liability was restricted to the consequences of wrongs attributable to it, acting independently. There being in this record no evidence of such an aggravated wrong by this defendant as would warrant a conclusion justifying the imposition of exemplary damages, the court did not err in declining to instruct the jury that punitive damages might be awarded. There is an entire absence of evidence tending to show malice or oppression. Wilkinson v. Searcy, 76 Ala. 176.

[5] In advising the jury (through special instructions given at the instance of the defendant) that if the minds of the jury were left in a state of "doubt and confusion as to how much of plaintiffs' alleged damage was proximately caused by the defendant," it being shown in the evidence that the stream had other distinct sources of pollution, substantial damages could not be awarded the plaintiffs, the court committed no reversible error. A. G. S. R. R. Co. v. Robinson, 183 Ala. 265, 269-272, 62 South. 813.

There are three assignments of error predicated on rulings disallowing three questions propounded by plaintiffs to the witnesses Leo Jones and Bennett. The first, to Jones, would have invited a purely speculative opinion of the witness with respect to the polluting effect—"every high water and from time to time"—of entirely indefinite deposits along the water course above the farm of the plaintiffs.

[6] In regard to the subject of the second assignment, the record recites that plaintiffs propounded to Jones on redirect examination this question:

"Now, I will ask you if the time he spoke to you about this plant being in operation—I will

ask you if the Woodward Iron Company, if it hasn't been worse since the Woodward Iron Company had built its furnace and built its by-product plant. (Defendants objected to the question on the ground that it had not been shown that it had been built up in that time. The court sustained the objection, and to the ruling of the court the plaintiff then and there duly excepted.)"

The denial to the plaintiffs of the benefit of the witness' response to this question was prejudicial error. · According to the doctrine of Tenn. Co. v. Hamilton, 100 Ala. 252, 261, 262, 14 South. 167, 46 Am. St. Rep. 48, recently reiterated in Jones v. Tenn. Co., 80 South. 463,[2] the burden was upon the plaintiffs to show that the damage to their property was consequent upon wrongs attributable to the defendant, acting independently. The just quoted question evinced the examiner's purpose to adduce a response that would, if given, have tended to show that the operation of the defendant's plants had contributed, acting independently, to make worse the damnifying condition along the water course through the plaintiffs' farm. In no other way does it appear could the plaintiffs have approached the proof of the matter so essential to their right to a recovery.

[7] The opinion of the witness Bennett, sought through the question put to him, was invited with respect to a comparison with other offensive odors supposed to be well known. The action of the court in sustaining the objection, stating no ground, cannot be held for error. The offensiveness of the water in the stream was open to proof in more direct ways.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.