(108 So. 857)

### COCKE v. EDWARDS.　(6 Div. 734.)

(Supreme Court of Alabama.　June 10, 1926.)

1. **Appeal and error** ⚌1027—**On appeal from judgment for appellant, questions pertaining alone to right of recovery will not be considered.**

Where appeal is from judgment for appellant. for insufficient damages, questions pertaining alone to his right of recovery will not be considered; they being concluded by the judgment.

2. **Automobiles** ⚌247—**Verdict for plaintiff in action for injury to automobile held finding that plaintiff was free from negligence.**

In action for damages to automobile in collision, wherein defendant pleaded recoupment and alleged neglect of plaintiff in and about expenses of his automobile, which contributed to damages, verdict for plaintiff was finding that plaintiff was not guilty of contributory or other negligence, and defendant was guilty of negligence causing injury.

3. **Damages** ⚌113—**Damages for repairs, depreciation in market value, and loss of use are recoverable for negligent injury to automobile.**

In action for damages to automobile arising from collision with defendant's car caused by latter's negligence, plaintiff is entitled to recover damages for repairs, depreciation in market value, and loss of car during period of repair.

4. **New trial** ⚌75(2)—**Where undisputed evidence showed damages in considerable sum to automobile, but jury found for plaintiff in nominal sum, plaintiff's motion for new trial should have been granted.**

In action for damages to automobile, where undisputed evidence showed that damages sustained amounted to several hundred dollars, but jury found for plaintiff in sum of $1, plaintiff's motion for new trial, predicated on inadequacy of damages, should have been granted.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by J. W. Cocke against C. E. Edwards for damages resulting from a collision by the automobile of defendant with that of plaintiff. From a judgment for $1 in his favor, plaintiff appeals. Reversed and remanded.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

The verdict for plaintiff was a finding that plaintiff was guilty of no negligence, and, the damages being proven without dispute, the verdict should have been set aside for inadequacy. Ætna Acc. Ins. Co. v. B. R. L. & P. Co., 198 Ala. 72, 73 So. 383. A verdict for $1 is not in effect or substance a verdict for the defendant. Jones v. Woodward Iron Co., 203 Ala. 66, 82 So. 26.

Cabaniss, Johnston, Cocke & Cabaniss, and Brewer Dixon, all of Birmingham, for appellee.

The verdict of the jury for $1 was in effect and substance a verdict for defendant, and should not be disturbed. Vanek v. C. G. W. (D. C.) 252 F. 871; Snyder v. Portland R. L. & P. Co., 107 Or. 673, 215 P. 887; Jena Lbr. Co. v. Marlowe Lbr. Co., 208 Ala. 385, 94 So. 492.

THOMAS, J. [1] The judgment for plaintiff concluded questions pertaining alone to plaintiff's right of recovery. Jones v. Woodward Iron Co., 203 Ala. 66, 82 So. 26; Randle v. B. R. L. & P. Co., 169 Ala. 314, 53 So. 918. It was a judgment for the plaintiff.

The motion for new trial was predicated on the inadequacy of the damages in view of the undisputed evidence that the actual damages and reasonable repair bills caused by the collision were largely in excess of that returned by the jury.

[2] In Ætna Accident Ins. Co. v. B. R. L. & P. Co., 198 Ala. 72, 73 So. 383, the jury returned a verdict in favor of the plaintiff for $20, and, as appellant is here complaining, reversal was had because the court, on due motion, did not set this verdict aside as inadequate. The returning of a verdict in favor of the plaintiff was a finding by the jury that plaintiff was not guilty of contributory negligence in the premises, and that the defendant was guilty of such negligence as charged in the complaint. As a matter of fact, the evidence shows that he was not guilty of any negligence which in whole or in part proximately contributed to his damages. All of the pleas of the defendant were allowed to go to the jury. Plea 3 was in bar, and simply contained a statement that plaintiff ought not to recover because he (himself) was guilty of negligence in and about the expenses of his automobile, which in whole or in part proximately contributed to his damages. Plea 6, the alleged plea in recoupment, claimed the sum of $500 because of the alleged neglect of the plaintiff. In the light of the pleading, the verdict was a finding against the defendant on all his pleas, and a finding that the plaintiff was not guilty of contributory or other negligence, and that the defendant was guilty of negligence that was the proximate cause of the damages claimed. And a verdict by the jury for any amount less than the approximate amount of damages shown by the undisputed evidence should have been set aside on motion.

[3] The question then is, Did the undisputed evidence show that the plaintiff was entitled to recover more than $1? The plaintiff claimed, not only damages for the repairs to his car, but for its depreciation in market value, and for the loss of the same during the period of repair, this being claimed in sepa-

---

rate counts. This he may recover. Hill Groc. Co. v. Caldwell, 211 Ala. 34, 99 So. 354. No question was raised as to the right to recover these damages. It was undisputed that plaintiff's car (a 1923 model Buick Six) was "pretty badly" damaged; that the floor board was broken, the drive shaft was broken loose, one of the back wheels was pushed back, and the other rear wheel was pushed forward; that, after the accident, the car could not move under its own power, and had to be towed to the garage; that the housing had been welded, the motorlegs welded, and a new cover and brace put on the engine; that a new fender had to be put on, a new axle housing put in, a new transmission case or cover put in to hold the transmission up, and the engine brace that held the engine up had to be welded; that the car was repaired, second-hand parts being used to lessen the cost; and that the repair bill was $205, reasonable for the repairs on the car. The defendant did not offer evidence to deny this, nor offer evidence from which the jury was authorized to infer that this repair bill was not correct or necessary and that the charges were unreasonable.

[4] It was undisputed that the reasonable market value of the car before the accident was $650, and just after the accident and before the repairs it was $100, that it took 30 days to repair Mr. Cocke's car; and that the reasonable rental value of the car while it was being repaired was from $5 to $10 a day. Under the authority of Ætna Accident Ins. Co. v. B. R. L. & P. Co., supra, the motion for a new trial should have been granted. Jena Lbr. Co. v. Marlowe Lbr. Co., 208 Ala. 385, 94 So. 492.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.