(137 So. 320)

## TENNESSEE COAL, IRON & R. CO. v. DUNLAP.

### 6 Div. 988.

Court of Appeals of Alabama.

Oct. 6, 1931.

Rehearing Denied Oct. 27, 1931.

Benners, Burr, McKamy & Forman, of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

BRICKEN, P. J.

Appellee, plaintiff below, sued appellant for property and personal injury damages sustained by him in an accident when a train of appellant ran into an automobile plaintiff was driving on the night of August 23, 1928; the accident occurred at a public crossing.

The case was tried by jury, and resulted in a verdict for plaintiff in the sum of $25.

Plaintiff, being dissatisfied by the verdict, made motion for a new trial. Said motion was predicated on the inadequacy of the damages awarded. The motion was granted by the trial judge, and from this action of the court this appeal was taken. Assignment of error is confined solely to this ruling of the court in granting plaintiff's motion for a new trial.

An attentive consideration of this case and the evidence adduced convinces this court that no error prevailed in this connection.

As stated, the motion for a new trial was based upon the ground of the inadequacy of the damages awarded by the verdict of the jury. On this question there was evidence tending to show that the reasonable market value of plaintiff's automobile immediately before the accident was approximately $500; and that immediately after the accident its reasonable market value was about $25. This evidence appears to be without conflict, and, in our opinion, was ample to sustain the grounds of the motion for a new trial, and to justify the trial court in so holding.

The case of Cocke v. Edwards, 215 Ala. 8, 108 So. 857, 858, is direct authority on this point. In that case the Supreme Court said: "It was undisputed that the reasonable market value of the car before the accident was $650, and just after the accident and before the repairs it was $100, that it took 30 days to repair Mr. Cocke's car; and that the reasonable rental value of the car while it was being repaired was from $5 to $10 a day. Under the authority of Ætna Accident [& Liability] Co. v. B. R., L. & P. Co. [198 Ala. 72, 73 So. 383], supra, the motion for a new trial should have been granted."

The judgment rendered, being in favor of plaintiff, was conclusive of questions pertaining alone to plaintiff's right of recovery. Cocke v. Edwards, supra; Jones v. Woodward Iron Co., 203 Ala. 66, 82 So. 26; Randle v. B. R., L. & P. Co., 169 Ala. 314, 53 So. 918.

Affirmed.