The only issue presented on appeal is: May plaintiff whose automobile was damaged by defendant recover for the loss of use thereof during the time reasonably necessary for its repair?
At trial below, it was stipulated that the difference between the value of plaintiff's automobile immediately before its accident with defendant and its value immediately after the accident in its damaged condition was $805. It was also stipulated that the reasonable rental value of a replacement car during the time of repair of plaintiff's automobile was $576.60. The trial court awarded judgment for an amount less than the combined stipulated figures. Plaintiff appealed.
The usual rule of measuring damages for the tortious injury to personal property has long been the difference in market value before and after the injury. The rule has been applied to personal automobiles. Hill Grocery Co. v. Caldwell, 211 Ala. 34,99 So. 354 (1924). It has been written into Alabama Pattern Jury Instructions as Instruction 11.23 and amplified by Instruction 11.24. Though perhaps considered generally by the practicing bar and the nisi prius courts as a limitation of recovery, we consider it not to be an absolute measure of recoverable damages for injury to a personal use automobile, but may constitute only a principal element thereof. The rule is subject to the primary and basic principle that it is the purpose of the law to fairly compensate the injured for the wrong committed. Birmingham R.L. P. Co. v. Sprague, 196 Ala. 148,72 So. 96 (1916).
That principle is stated in Mobile Light R. Co. v. Gadik,211 Ala. 582, 100 So. 837 (1924) by Mr. Justice Bouldin as follows:
 In fixing the measure of damages it is the aim of the law to reimburse the actual loss. This loss is usually ascertained by finding the difference between the reasonable market value immediately before and immediately after the injury. This is generally declared to be the true measure of damages. . . .
 When the injury may be fully repaired the reasonable cost of repairs is the proper subject of inquiry . . . but this cost may not be the sole loss. The reasonable value of the hire or use of the car while deprived thereof, the expenses of removing it to and from the place of repair, and maybe other elements may enter into the real loss. No hard and fast rules should *Page 411 
be imposed upon the trial court in the admission of evidence touching the elements upon which a fair judgment of the loss in market value may be ascertained.
We derive from what was said by the court in Mobile Light the meaning that generally the measure of damages is the difference between the before and after reasonable market value of the property damaged, if it is reasonably capable of being restored by repair to its original condition. The reasonable cost of such repairs may be admitted and considered. Other costs, such as reasonable value of use or hire of the car while the owner is deprived of its use during repairs, wrecker costs, etc., may be shown to establish the real loss. Any element affecting a determination of the real loss may be considered in determining the difference in market value. In the cases decided by the Alabama appellate courts that we have studied in which there is mention of the right to show loss of use of an automobile, it was proved in addition to market value in only one. Cocke v.Edwards, 215 Ala. 8, 108 So. 857 (1926). In other cases it was stated that deprivation of use was a real loss and recoverable but it was not proved at trial. Hill Grocery v. Caldwell,supra; Birmingham R.L. P. Co., supra.
To state that loss of use and wrecker costs, etc., are provable and recoverable but only as elements toward determining market value is neither reasonable nor logical. Such costs have no reasonable relationship to market value as repair cost may. If what we have recited from Mobile Light
means that, then it is contrary to the theory of establishing the "real loss." It is also contrary to what Mr. Justice Thomas said in Hill Grocery and thereafter in Cocke. In Hill Grocery
the suit was for damages to the automobile and for loss of use. Demurrers were overruled. Loss of use was not proved but damage to the automobile was established and recovered. In Cocke
damages to the car and loss of use during the period of repair were claimed in separate counts. The before and after value was proved together with the reasonable rental value of the car for thirty days while it was being repaired. Mr. Justice Thomas said, "This he may recover," citing his previous decision inHill Grocery Co. v. Caldwell.
We consider the Alabama cases we have discussed includingMobile Light (concurred in by Mr. Justice Thomas, written by Mr. Justice Bouldin, who concurred in both Hill Grocery andCocke), as standing for the rule that loss of use of a personal automobile during a reasonable period for repair is an element of recoverable damage in addition to the difference between the before and after reasonable market value. Such is the prevailing general rule. 18 A.L.R.3d 497 (citing Cocke andMobile Light); 8 Am.Jur.2d Automobiles and Highway Traffic § 1134 (1980); 25 C.J.S. Damages § 41 at p. 729. Following the general rule are our neighboring states of Florida,[1] Georgia,[2]
Louisiana,[3] Mississippi,[4] North Carolina,[5] South Carolina,[6]
and Tennessee.[7]
Our case of Winn-Dixie Montgomery, Inc. v. Holt, 57 Ala. App. 499, 329 So.2d 556 (1976) is not to the contrary. The statement we made in that case as to the difference in the measure of damage between injury to commercial and non-commercial vehicles was directed to that difference indicated by comparing Alabama Pattern Jury Instructions 11.23 and 11.25. *Page 412 
APJI 11.25 shows without question that this state adheres to the rule that the owner of a commercial vehicle is entitled to recover as an element of damage the reasonable market value of the hire or use of his damaged vehicle during the time reasonably necessary for its repair in addition to the reasonable expense of making such repairs. In this day a personal automobile is no longer a mere luxury but is a necessity for the comfort, entertainment, and personal business and enterprise of every person, especially a family. It would be an anachronism to say its deprivation of use during the reasonable time for repair is not a compensable loss in addition to the loss of its market value after wrongful damage.
We consider that our supreme court established such rule inBirmingham R.L. P. Co. v. Sprague, supra, in 1916, and repeated it in Hill Grocery, Cocke and probably Mobile Light.
No cases state the contrary. We merely reiterate.
In this case the reasonable rental value of plaintiff's vehicle during the reasonable time of its repair was stipulated to be $576.60. The difference in reasonable market value before and after injury was stipulated to be $805. The sum of the two constituted the real loss of plaintiff. The judgment of $885 is contrary to the undisputed evidence. It must be reversed. It is reversed and the case is remanded for entry of judgment in favor of plaintiff in the sum of $1,381.60, together with interest thereon.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.
[1] See, Meakin v. Dreier, 209 So.2d 252 (Fla.App. 1968).
[2] See, Lamb v. Landers, 67 Ga. App. 588, 21 S.E. 321 (1942).
[3] See, Plotkin v. Martino, 192 So.2d 381 (La.App. 1966), cert.denied, 250 La. 97, 194 So.2d 97 (1967).
[4] See, Vining v. Smith, 213 Miss. 850, 58 So.2d 34 (1952).
[5] See, Ling v. Bell, 23 N.C. App. 10, 207 S.E.2d 789 (1974).
[6] See, Newman v. Brown, 228 S.C. 472, 90 S.E.2d 649 (1955).
[7] See, Perkins v. Brown, 132 Tenn. 294, 177 S.W. 1158 (1915).