## BROOKS *v.* LUDIN

(*Superior Court of New York City, Special Term.* June 1, 1888.)

NEW TRIAL—GROUNDS FOR—INADEQUACY OF DAMAGES.

In an action for personal injuries, the verdict of the jury will not be set aside for insufficiency of damages, where the evidence is somewhat conflicting, though the views of the judge on the evidence do not altogether coincide with those of the jury.

On motion for new trial.

William Brooks, plaintiff, sued Sarah A. Ludin, defendant, for injuries received by being thrown from his buggy through the negligence of defendant's driver; claiming to have been kept from his business two months, at a loss of $50 per day, and a physician's bill of $160. Plaintiff received a verdict of $30, and moved for a new trial.

*A. O. Salter*, for plaintiff. *Deyo, Duer & Bauerdorf*, for defendant.

O'GORMAN, J. A trial judge would not, in my opinion, be justified in setting aside the verdict of a jury, and granting a new trial, on account of insufficiency of damages, unless he were well assured, on careful examination of the testimony, that the conclusion of the jury could not be supported on any reasonable theory, and was wholly inconsistent with any fair deduction from the evidence. I can easily believe that the jury, in the case at bar, thought that the collision which caused the fall of the plaintiff from his buggy was the result of the negligence of the defendant's driver, without any negligence on the part of the plaintiff, and yet they also believed that the nature and extent of the injury received by the plaintiff was exaggerated by the witnesses on his behalf, and was, in fact, too light and trivial to render either his absence from his ordinary business or the employment by him of protracted medical attendance necessary. On this subject there was some contradiction in the testimony, from which it was the office of the jury to extract the fact. The trial judge should be cautious and loath to disturb the verdict of a jury, even although their views of the evidence did not altogether coincide with his own. It is their duty, not his, to ascertain the facts; and in their conference and discussion, aided by their practical knowledge of men, and their habits, and their weaknesses when personal interests are at stake, the sagacity and common sense of 12 men may generally be relied on. Plaintiff's motion for a new trial is denied, but without costs.