WEINBERG, *Appellant*, v. METROPOLITAN STREET RAILWAY COMPANY.

### Division Two, May 25, 1897.

1. **Verdict:** PASSION AND PREJUDICE. No judgment should be permitted to stand which is the result of passion, prejudice or partiality.

2. **Damages:** PERSONAL INJURIES: SMALLNESS OF THE VERDICT. Plaintiff recovered a judgment for $1 and appealed. The evidence is reviewed and it is *held* that the judgment ought not to be reversed on account of the smallness of the verdict alone, since, if some of the witnesses were believed, it can not be said to be the result of passion, prejudice or partiality.

*Appeal from Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*O. L. Houts* and *Hollis & Lithgow* for appellant.

(1) The court erred in overruling appellant's motion for new trial on the ground that the amount of damages assessed by the jury shows prejudice, bias or mistake. This is not a case in which nominal damages can be given. *Boggess v. Railroad*, 118 Mo. 328; *Fairgrieve v. Moberly*, 29 Mo. App. 141; *Welch v. McAllister*, 13 Mo. App. 89; *Railroad v. Ashcraft*, 48 Ala. 15; 2 Thompson, Neg., sec. 58, p. 1266; Field on Damages,

sec. 886; *Reid v. Ins. Co.*, 58 Mo. 421; *State v. Alexander*, 66 Mo. 163; *Edens v. Railroad*, 72 Mo. 212. (2) Damages must be left largely to the discretion of the jury. It, however, is not at liberty to give any sum it pleases. *Waldhier v. Railroad*, 87 Mo. 38. (3) The jury in estimating plaintiff's damages should consider every fact in the case, which tended to increase the amount of her pain, or the extent of her injuries. *Blair v. Railroad*, 89 Mo. 334; *Price v. Evans*, 49 Mo. 396; *Rose v. St. Charles*, 49 Mo. 509; *Pritchard v. Hewitt*, 91 Mo. 547.

*Pratt, Dana & Black* for respondent.

(1) The general rule is that in actions sounding in tort a verdict by a jury for nominal damages should not be interfered with. Booth on Street Railways, sec. 375; Hutchinson on Carriers [2 Ed.], sec. 744; *Railroad v. Kemp*, 61 Md. 619; *Railroad v. Chappell*, 22 Fla. 616; *Gregory v. Chambers*, 78 Mo. 298; *Brown v. Railroad*, 51 Mo. App. 192; *Lancaster v. Providence & S. S. S. Co.*, 26 Fed. Rep. 233. (2) It is the peculiar province of the jury to pass upon the facts of a case, and where there is a conflict of testimony as to any fact, the verdict of the jury, in so far as it relates to such fact, should prevail. *Lancaster v. Providence & S. S. S. Co.*, 26 Fed. Rep. 233; *Steamboat City of Memphis v. Matthews*, 28 Mo. 248; *Bradford v. Rudolph*, 45 Mo. 426. (3) There was no passion or prejudice on the part of the jury. *Fairgrieve v. Moberly*, 29 Mo. App. 141; *Welch v. McAllister*, 13 Mo. App. 89.

BURGESS, J.—This is an action for damages for personal injuries alleged to have been sustained by plaintiff by being thrown upon the pavement while lighting from defendant's cars in Kansas City, Missouri, by reason of the carelessness and negligence of the serv-

ants of defendants in charge of said cars. The suit was begun in the circuit court of Jackson county, but the venue was subsequently changed to Johnson county, where a trial was had resulting in a verdict and judgment in favor of plaintiff in the sum of one dollar, from which she appeals.

On the night of April 30, 1893, at about the hour of 10 o'clock, plaintiff was a passenger on one of defendant's cars en route to her place of residence on Eighteenth street in Kansas City, Missouri, and when she arrived at the point of destination on the cars, to wit, Forest avenue and Nineteenth street, the conductor stopped the cars to let her off, but before she reached the pavement, and while one foot was yet on the step of the car, the cars started up suddenly, throwing her upon the pavement, bruising her right shoulder and the muscles of her back near the shoulder. She was assisted to her feet by the conductor and went on alone to her home which was about one and one half blocks away.

The evidence showed that she was about seven months advanced in pregnancy at the time of the accident, and that on that night and for several weeks thereafter she suffered much pain. The evidence on her part showed that about three weeks after the accident the child, of which she was then pregnant, was prematurely born, and that she still suffers from pains in her head, back and groin. Medical experts testified, on the part of defendant, that if the birth of the child had been produced by the fall of plaintiff, that it would have been born within seventy-two hours next thereafter, and that in their opinion the birth was not produced by the fall; and that, upon examination by them of plaintiff, about three weeks after the accident, they found no indication of any injury, except a discolora-

tion of the right shoulder, and of the muscles of the back near thereto.

The child, while small and delicate when born, was alive at the time of the trial.

The only ground insisted upon by plaintiff for a reversal of the judgment is the smallness of the verdict, which, it is claimed, shows prejudice, bias, or mistake on the part of the jury. If this contention were borne out by the facts disclosed by the record, this court would not hesitate to reverse the judgment, for no judgment should be permitted to stand which is the result of passion, prejudice, or partiality. 3 Sedgwick on Damages [8 Ed.], sec. 1326; *Welch v. McAllister*, 13 Mo. App. 89; *Fairgrieve v. Moberly*, 29 Mo. App. 141; *Pritchard v. Hewitt*, 91 Mo. 547; *Whitsett v. Ranson*, 79 Mo. 258; *Gregory v. Chambers*, 78 Mo. 294; 1 Graham and Waterman on New Trials [2 Ed.], star p. 452; *Boggess v. Railroad*, 118 Mo. 328; *Leahy v. Davis*, 121 Mo. 227; *Dowd v. Airbrake Co.*, 132 Mo. 579.

The only argument offered in support of this contention is the smallness of the verdict, which, it is insisted, is so inadequate as to shock the sense of justice and to satisfy the judicial mind that the verdict was the result of passion, prejudice, or partiality. The evidence showed that plaintiff was thrown or fell from the car by reason of the negligence of the defendant's servants in starting the car, while she was in the act of alighting therefrom, thus precipitating her to the pavement and bruising her right shoulder and the muscles of the back near that shoulder. But the evidence as to the extent of her injuries was conflicting. While the evidence upon her part showed that she was quite seriously injured, the evidence upon the part of defendant showed that she was not, and in fact that her injuries were slight. The jury, it seems, saw proper to

VOL. 139 mo—19

believe the witnesses for defendant rather than plaintiff and the witnesses who testified in her behalf. In fact in so far as the evidence tended to show that plaintiff was damaged by the fall, they seem to have disregarded it. The credibility of the witnesses, and the weight to be given to their testimony, was the peculiar province of the jury, they being the sole judges of such matters.

The case of *Gregory v. Chambers, supra,* was an action for malicious prosecution. The amount of damages sued for was $10,000. Plaintiff was awarded $1 damages, and upon appeal by him to the Supreme Court the judgment was affirmed.

*Pritchard v. Hewitt, supra,* was an action to recover damages of the defendant for maliciously assaulting, shooting and wounding the plaintiff. The jury rendered a verdict in favor of plaintiff for $1, and he appealed. The judgment was affirmed.

In *Steamboat City of Memphis v. Matthews,* 28 Mo. 248, in passing upon a similar question it was said: "All the testimony was on one side, but the jury disregarded it, and the circuit court, who heard the witnesses, sanctioned the verdict of the jury. We must infer from this that the circuit court was satisfied with the course of the jury. The credit due to witnesses is a matter peculiarly for a jury."

The case at bar was tried in a county different from that in which the injury occurred, the court below heard the witnesses and approved the verdict, and while the damages awarded are nominal only, we are not, under the circumstances, disposed to interfere.

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.