LOCKE, Appellant, v. CITY OF INDEPENDENCE.

**Division One, January 16, 1906.**

1. **EVIDENCE: Exclusion: Cure.** Error in excluding evidence of declarations by plaintiff of her pain and suffering resulting from a fall on a defective sidewalk, is cured by a mass of such evidence subsequently admitted.

2. **NEGLIGENCE: Verdict for Plaintiff: Nominal Damages: Conflicting Evidence.** Where there is evidence that the plaintiff as a result of the accident received serious injuries, and substantial contradictory evidence that she received no serious injury therefrom, but that the many injuries of which she complained were feigned, it was the exclusive province of the jury to determine the issue of fact, and hence the court will not reverse a verdict and judgment for one cent. In such case, the verdict cannot be said to be the result of passion or prejudice on the part of the jury.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*N. F. Heitman* and *I. J. Ringolsky* for appellant.

(1) (a) The verdict for one cent, and the one cent damages assessed, are the result of bias, passion and

prejudice on the part of the jury, and said damages are grossly inadequate, unreasonable and absurd. (b). The verdict is arbitrary and is manifestly and clearly wrong. It is so manifestly and clearly wrong as to shock the moral sense of the court. (c) If the plaintiff was entitled to recover at all, she was entitled to recover reasonable and substantial damages. (d) In utter disregard of the court's instructions and the evidence touching the nature, character and extent of plaintiff's injuries, the jury assessed her damages at one cent after finding that she was injured and entitled to damages therefor on account of defendant's negligence. Fischer v. St. Louis, 189 No. 567; Fairgrieve v. Moberly, 29 Mo. App. 141, 39 Mo. App. 38; Welsh v. McAllister, 13 Mo. App. 89, 15 Mo. App. 501; Lee v. Knapp, 137 Mo. 385; Chouquette v. Railroad, 152 Mo. 257; Falvey v. Stanford, L. R. 10 Q. B. 54. (2) The court erred in excluding evidence of plaintiff's complaints of present pain and suffering. McHugh v. Railroad, 88 S. W. 855; Goss v. Railroad, 50 Mo. App. 614; Brown v. Railroad, 66 Mo. 588; Mosby v. Ins. Co., 75 U. S. 397; Phillips v. Keeley, 29 Ala. 623; Elkhart v. Ritter, 66 Ind. 136; Newell v. Railroad, 54 Am. Rep. 312; Quaife v. Railroad, 33 Am. Rep. 821.

*Llewellyn Jones* and *Flournoy & Flournoy* for respondent.

(1) There is nothing in the record to show that the jury was guilty of any misconduct, prejudice or passion, hence, the smallness of the verdict is no ground for a new trial. Fischer v. St. Louis, 189 Mo. 567; Havens v. Railroad, 155 Mo. 216; Dowd v. Air Brake Co., 132 Mo. 579; Weinberg v. Railroad, 139 Mo. 286. (2) If any error was made by the trial court in excluding testimony as to complaints of suffering made by appellant, such error was rectified by subsequently admitting such testimony. Hollman v. Lang, 143 Mo. 100; Reardon v. Railroad, 114 Mo. 385; Roe v. Bank, 167 Mo. 406; State

v. Brenner, 164 Mo. 487; Deere Plow Co. v. Sullivan,. 158 Mo. 140. (3) In view of the fact that a lawyer was. employed to bring suit for damages within four or five days after the accident, and that such suit was brought fourteen days after the accident, testimony as to com- plaints of pain made. by appellant to witnesses other than physicians, was not admissible. Bacon v. Inhabi- tants of Charlton, 7 Cush. (Mass.) 581; Jones v. Village of Portland, 88 Mich. 598; Railroad v. Huntley, 38 Mich. 537; Roach v. Railroad, 105 N. Y. 294; Furgason v. Davis Co., 57 Iowa 601; Railroad v. Carr, 170 Ill. 479; McHugh v. Railroad, 88 S. W. 853; Abbott v. Heath, 84 Wis. 314; Stewarts v. Everts, 76 Wis. 35; Davidson v. Cornell, 132 N. Y. 228.

BRACE, P. J.—This is an action for personal in- juries alleged to have been suffered by the plaintiff from a fall upon a defective sidewalk in said city, in which the verdict and judgment were for the plaintiff and her damages assessed at one cent.

The errors assigned for reversal are, in substance: (1) The exclusion of some evidence as to the condition of the sidewalk. (2) The exclusion of some evidence of declarations of plaintiff, after suit brought, as to her then suffering pain. (3) That on the evidence, the verdict is the result of bias, prejudice or passion, and the court erred in not granting a new trial for that reason.

1. As to the first assignment of error it is only nec- essary to say, that as the verdict was for the plaintiff on the issue of a defective sidewalk, she suffered no in- jury from any alleged error in this respect; and, as to the second, that if there was any error in excluding any complaint of pain by the defendant, it was amply cured by a mass of such evidence subsequently admitted. [Roe v. Bank of Versailles, 167 Mo. 406; State v. Brennan, 164 Mo. 487; Hollmann v. Lange, 143 Mo. 100; Reardon v. Railroad, 114 Mo. 384.]

2. The only real contention in the case arises un-der the third assignment and is, that the verdict ought to be set aside and the judgment reversed because the plaintiff suffered serious injuries from her fall on the sidewalk and she was only awarded nominal damages. If the plaintiff suffered serious injuries from her fall, then she ought to have substantial damages for such in-juries. But who is to determine that fact? Unquestion-ably the jury before whom the case was tried on the evi-dence produced before it. Nevertheless, the whole of that evidence, covering more than five hundred pages of printed matter in a volume almost as large as one of the Missouri Reports, is brought here, and long and able arguments, both oral and written, have been made up-on it to convince us that Mrs. Locke received serious injuries from her fall; and, hence, the verdict of the jury for nominal damages was the result of passion or prejudice or some other malign influence operating up-on the minds of the jurymen who rendered it; and, in support of the contention, the recent case of Fischer v. St. Louis, 189 Mo. 567, seems to be relied upon. On the other hand it is argued in like manner on this evidence that the plaintiff sustained no serious injury from her fall but that the many injuries of which she thereafter complained were feigned. There was evidence tend-ing to support each theory—with the weight of that evidence we have nothing to do. It was the exclusive province of the jury to determine that issue of fact, and, by their verdict for nominal damages, they did deter-mine it in favor of the defendant. This is conclusive upon us. In such case it is not our province to interfere with the verdict of the jury, and there is no ruling in the case of Fischer v. St. Louis, supra, or in any of the cases therein or in the brief of counsel cited that would authorize such interference.

In the Fischer case, the serious character of the in-juries of the appellant *stood confessed,* and a verdict in her favor for one dollar was set aside and a new trial

ordered, because such a verdict in such a case could be explained alone as the product of prejudice or some kindred motive. But in this case, the question whether the plaintiff did receive serious injuries or not was the very bone of contention; and, while there was ample evidence upon which the jury might have found that she did, there was also substantial evidence tending to prove that she did not. A verdict for nominal damages in such a case affords no ground for attributing the verdict to prejudice or some kindred motive. Weinberg v. Railroad, 139 Mo. 286, is a case directly in point, in which the verdict was for the plaintiff and her damages assessed at one dollar, and on her appeal this court refused to interfere with the verdict, saying: ''The evidence as to the extent of her injuries was conflicting. While the evidence upon her part showed that she was quite seriously injured, the evidence upon the part of the defendant showed that she was not, and in fact that her injuries were slight. The jury, it seems, saw proper to believe the witnesses for defendant rather than plaintiff and the witnesses who testified in her behalf.''

In this case it would serve no good purpose to attempt a summary of the immense mass of testimony contained in this record and endeavor to sift the credible from the incredible therein and determine the weight to be given thereto. It is not within our province to do so. It was the peculiar right and duty of the jury, under the supervision of the court, to do this. They exercised that right and performed that duty under the supervision of the learned judge, who tried the case without error, in a manner to meet his approval; and there being substantial evidence therein to support the theory that the plaintiff did not receive serious injury from her fall, the verdict is logical, and the record furnishes no ground for our interference with it, or the judgment thereon. The judgment of the circuit court will therefore be affirmed.

All concur.