the venue of the suit was not properly laid in Travis county.

HAWKINS, J., did not participate in the decision of this case.

## JACKSON v. DALLAS FAIR PARK AMUSEMENT ASS'N.

(Court of Civil Appeals of Texas. Dallas. April 5, 1913.)

NEW TRIAL (§ 75*) — DISCRETION — VERDICT "MANIFESTLY" TOO SMALL—EVIDENCE.

Evidence in a personal injury case *held* not to show the verdict was "manifestly" too small, so as to make it an abuse of discretion not to award a new trial under Rev. St. 1895, art. 1452.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 151, 152; Dec. Dig. § 75.*]

Error from District Court, Dallas County; E. B. Muse, Judge.

Action by J. R. Jackson against the Dallas Fair Park Amusement Association. Plaintiff had judgment for $1, was denied a new trial, and brings error. Affirmed.

W. H. Hall, of Dallas, for plaintiff in error. Pierson, O'Donnell & Pierson, of Dallas, for defendant in error.

RASBURY, J. Plaintiff in error sued defendant in error in the court below for damages for personal injuries to himself and wife, and upon trial before jury recovered verdict for $1, followed by judgment accordingly. From said judgment the case is brought here for review by writ of error.

The facts shown by the record and in our own language, as testified by Mr. and Mrs. Jackson, are, in substance, that Jackson and his wife in the summer of 1911 were passengers on a car of an amusement contrivance at the State Fair Grounds at Dallas, Tex., known as the "Figure Eight," and while such passengers the car upon which they were riding collided with another car; that as a result of the collision Jackson and wife were thrown violently about in the car, whereby Jackson was injured in his right foot and ankle, which had previously been injured, but which injury had practically healed, and his wife injured in her left foot and ankle; that after the accident Mrs. Jackson was compelled to go about her work in the laundry where she was employed a portion of the time without her shoe; and that her injuries at the time of the trial were not completely healed.

Dr. J. J. Trible testified that he was called in to attend Jackson and his wife some two or three months after the accident, and that he found Jackson's right foot and ankle and his wife's left foot and ankle injured, and that he treated same.

W. Wilson, an employé of the defendant in error, testified that he witnessed the collision, the force of which was slight. Also testified that Jackson was on crutches at the time.

W. Swanson, special officer in the employ of defendant in error, testified that he also witnessed the collision, and that there was no appreciable jar or jerk at the time, and that the cars were provided with rubber "bumpers" to lessen the shock of any collision; that he talked with Jackson and wife at the time; and that both "laughed and talked" about the cars bumping. Also testified that Jackson was drunk and that he and his wife rode the cars "around once" after the collision and that he "had to make them get out of the cars."

Joe Jones testified that he was employed at a "Flying Jenney" within a few feet of the "Figure 8," and that on the same night and subsequent to the accident Jackson rode the "Flying Jenney" and did not claim to be, nor appear, injured; further, that Jackson was intoxicated.

The several assignments of error contained in the brief of plaintiff in error complain of the refusal of the trial court to award a new trial. Under the authority of these assignments of error, it is asserted that the jury having found that plaintiff in error and his wife were injured by the negligence of defendant in error, without the plaintiff in error in any manner contributing thereto, they were, in law, bound to award plaintiff in error such an amount of damages as would reasonably compensate him for the injuries to himself and his wife, and having manifestly failed to do so, it was error for the court to refuse another trial. By article 2022, R. S. 1911 (article 1452, R. S. 1895), express authority is given trial courts to award another trial when the verdict is "manifestly" too small or too large, as the case may be. This statute only recognizes an old rule, which, as interpreted by the decisions, is that generally courts will not interfere with the right of the jury to fix the amount to be recovered in a suit for unliquidated damages, unless an inspection of the testimony discloses that the jury has abused its discretion. Texas Midland Railroad v. Byrd, 41 Tex. Civ. App. 164, 90 S. W. 185. Hence our duty in the instant case is confined to ascertaining whether the testimony in reference to the injuries received by Jackson and wife is so much at variance with the verdict of the jury as to constitute an abuse of the discretion lodged with the jury. On that point the evidence in the record shows that Jackson and wife were each injured in the foot and ankle. The extent of such injuries is not disclosed by the evidence, and we are without any proof on that issue, notwithstanding a physician called in by plaintiffs in error was a witness. The most he says is that plaintiff in error and his wife were "injured." No loss of time is shown, nor is it claimed by either Jackson or his wife that they were in any

manner disabled from attending to their affairs, except that Mrs. Jackson does say that at times she could not perform her duties as a laundress without occasionally removing her shoe. No confinement within doors or to their beds is shown by plaintiff in error and his wife, nor was a physician consulted until the expiration of nearly three months after the injury.

Such is the testimony included in the statement of facts in reference to the injuries complained of. It is true it may be said that the testimony was sufficient to raise the issue of negligence by defendant in error in the operation of its cars, yet it is also true that the evidence failed to establish any resultant injury. Coupled with the failure of the plaintiff in error to show any actual physical injury was the evidence of several witnesses that plaintiff in error and his wife not only were not injured, but that plaintiff in error was intoxicated at the time of the injury, and that following the accident he and his wife made light of the collision and went a short time subsequent thereto to a "Flying Jenney," within a few feet of the place of collision, and patronized it.

Hence, due to the apparent total lack of actual physical injury and the sharp conflict in the testimony, we conclude the record fails to present a case which satisfactorily and fairly discloses any abuse on the part of the jury of the discretion vested in them, and for that reason the judgment is affirmed.