EUNICE GREENFIELD v. UNIQUE THEATRE COMPANY.
JOHN F. GREENFIELD v. UNIQUE THEATRE COMPANY.[1]

May 14, 1920.

Nos. 21,753, 21,754.

**Nominal damages inadequate — verdict construed.**

1. A verdict for the plaintiff in a personal injury action, though awarding damages only nominal in amount, necessarily includes a finding of the liability of the defendant, and a verdict awarding nominal and inadequate damages cannot be sustained upon the ground that it was really a finding for the defendant upon the issue of liability.

**Nominal damages for trivial injury.**

2. Nominal damages do not compensate for a substantial injury, but, if the injury is nominal, an award of damages not substantial in amount will not be disturbed as inadequate. Under the evidence referred to in the opinion the jury was justified in finding that an injury sustained by the plaintiff through the negligence of the defendant was trivial in character, and an award of damages nominal in amount was not inadequate.

**Charge to jury not reversible error — falsus in uno referable to material issue.**

3. One of the elements in the falsus in uno charge is that the testimony found by the jury to be false be upon a material issue. In giving the

[1]Reported in 177 N. W. 666.

146 M.—2.

charge the court did not in direct words refer to the element of materiality. Counsel did not call attention to the omission. It is *held* under the facts stated in the opinion that the omission did not constitute reversible error.

Actions in the district court for Hennepin county by John F. and Eunice Greenfield to recover $3,000 and $10,000, respectively, for personal injuries. The answers alleged that the injuries were due to the negligence of Eunice Greenfield. The cases were tried before Fish, J., and a jury which awarded plaintiff wife one dollar and plaintiff husband one cent. From orders denying their motions for new trials, plaintiffs appealed. Affirmed.

*Brady, Robertson & Bonner,* for appellants.

*Milton D. Purdy,* for respondent.

DIBELL, J.

Two actions for personal injuries tried together. One was brought by the plaintiff, Eunice Greenfield, for personal injuries sustained by her, and the other by John F. Greenfield, her husband, for damages to him consequent upon the injury to his wife. There was a verdict for Mrs. Greenfield for one dollar and for Mr. Greenfield for one cent. They appeal from the orders denying their separate motions for a new trial.

1. Mrs. Greenfield attended a play at the defendant's theatre in Minneapolis on Saturday evening, February 3, 1917, and as she was passing to her seat tripped and fell. The verdict of the jury necessarily includes a finding that she was injured by the negligence of the defendant and that it was legally liable to respond in damages. Where nominal and inadequate damages are given the verdict cannot be sustained, as urged in the respondent's brief, upon the ground that it was really a finding for the defendant upon the issue of liability. The verdict must have its logical effect as a finding of liability. Chouquette v. Southern Electric Ry. Co. 152 Mo. 257, 53 S. W. 897; Miller v. Delaware, L. & W. R. Co. 58 N. J. Law, 428, 33 Atl. 950.

2. The verdict for Mrs. Greenfield can be sustained against the claim of inadequacy only upon the ground that though she was injured through the negligence of defendant her injury was so slight that the nominal

sum awarded compensates for it, or, putting it in another way, that all of the substantial injuries which she claims are feigned.

Nominal damages do not compensate for a substantial injury. If the injury is nominal damages not substantial in amount are compensatory. When the jury finds liability and the evidence shows substantial damages a nominal award will not do. See Conrad v. Dobmeier, 57 Minn. 147, 58 N. W. 870; Rawitzer v. St. Paul City Ry. Co. 94 Minn. 494, 495, 103 N. W. 499; note L.R.A. 1915F, 30; Ann. Cas. 1916B, 384. But when the evidence justifies a finding that there was an injury through the negligence of the defendant, trivial in character, and beyond that feigned, an award of a few cents or a dollar will not be disturbed as inadequate. Marquardt v. Hudson Co. Gas Co. (N. J.) 59 Atl. 1054; Mill v. Roulliard, 168 Iowa, 162, 149 N. W. 875; Weinberg v. Metropolitan St. Ry. Co. 139 Mo. 286, 40 S. W. 882; Allison v. Gulf C. & S. F. Ry. Co. (Tex. Civ. App.) 29 S. W. 425; Jackson v. Dallas Fair Park Amusement Assn. (Tex. Civ. App.) 155 S. W. 1181; Brooks v. Ludin, 1 N. Y. Supp. 338, affirmed 6 N. Y. Supp. 510; Locke v. Independence, 192 Mo. 570, 91 S. W. 61. In considering a situation such as that supposed the court in the case last cited said:

"The only real contention in the case  *  *  *  is that the verdict ought to be set aside and the judgment reversed because the plaintiff suffered serious injuries from her fall on the sidewalk and she was only awarded nominal damages.  *  *  *  On the other hand it is argued in like manner on this evidence that the plaintiff sustained no serious injury from her fall but that the many injuries of which she thereafter complained were feigned. There was evidence tending to support each theory—with the weight of that evidence we have nothing to do. It was the exclusive province of the jury to determine that issue of fact, and, by their verdict for nominal damages, they did determine it in favor of the defendant."

After her injury Mrs. Greenfield remained at the play and at its close went to a drug store and telephoned her doctor, but was unable to reach him. He did not attend her until the following Monday. There were no objective symptoms of injury except a slight swelling of the left hip. The doctor attended her for some time. His testimony was unsatisfactory and was not such as to require a finding of a definite

injury. The plaintiff's testimony was uncertain and in some respects contradictory. About two years before, on March 8, 1915, she sustained an injury in the Dayton store in Minneapolis by being caught in an elevator. She received damages in settlement and claims to have recovered entirely from it. Some of the symptoms appeared in that injury which are claimed in the present one. On June 1, 1918, she received an injury in the Powers store by falling from a chair or stool at one of the counters and received compensation in settlement. Those injuries she claims had passed away at the time of the trial, leaving only the intermediate injuries sustained at the theatre. The physicians called by the defendant find nothing now wrong with her.

A consideration of the evidence brings us to the conclusion that the jury could find that nothing more than a nominal injury was sustained by Mrs. Greenfield and that otherwise her injuries were assumed. We do not mean that we would find so. We are not finding the facts. We mean that a jury might so find without an apparent disregard of their duty. The right of recovery in Mr. Greenfield is derivative, and, if his wife has none for substantial damages, neither has he.

3. Mrs. Greenfield having prevailed upon the issue of a right of recovery, the only errors at the trial available to her are such as bear upon the amount of damages. On her behalf it is claimed that the court was in error in giving the falsus in uno charge which might have been applied by the jury to her testimony. The court did not in direct words make the materiality of the false testimony on which such a charge is based essential to the application of the maxim and to its omission the claim of error relates. The charge however referred to "any witness * * * [who] testified to a falsehood intentionally with a design to mislead you, to deceive the jury;" and further it stated that the rule "applies in a case where a witness deliberately sets out to deceive and mislead the court and the jury." The materiality of the testimony was not more distinctly mentioned nor was its omission called to the court's attention. The historical basis of the maxim and the requirement that the false testimony be material take us back to a time when a conviction of perjury, which of course must be based upon false testimony which is material, rendered a witness incompetent and did not merely affect his credibility. The maxim now states no positive rule of law guiding

the jury in the weighing of testimony. The jury can weigh the testimony of a witness without the statement of the maxim and the statement of it is often of doubtful aid. Its technical essentials are not readily appreciated by the jury. In Schuek v. Hagar, 24 Minn. 339, an accurate statement of the maxim was given. Since then variations of it have been approved. 3 Dunnell, Minn. Dig. and 1916 Supp. § 10345.

Counsel did not call the attention of the court to the omission of the element of materiality. If they did not observe the omission it did not likely affect or mislead the jury. It is not such error as should result in a new trial. The history of the maxim and some very practical observations relative to it are found in 2 Wigmore, Ev. §§ 1008–1015. And see 2 Thompson, Trials, §§ 2423–2425; 5 Jones, Ev. § 903.

Orders affirmed.