. E. F. BOTKIN, *et al.,* v. D. H. LIVINGSTON.

CONTRACT *to Pay Trespasser on Land, Damages for Building Railroad Thereon; Land Owned by Railroad Company; Insufficient Consideration; Unconscionable Contract, not Upheld by Consideration of One Dollar.* On April 1, 1870, the Missouri River, Fort Scott & Gulf railroad company was building a railroad toward Baxter Springs, but the said company could not conveniently build it to Baxter Springs without crossing a certain quarter-section of land owned by the railroad company, but in the possession of L., who was a mere trespasser thereon. L. opposed the building of the road, and threatened violence and legal proceedings if any attempt should be made to build the road across said land. The defendants were citizens of Baxter Springs, and were very desirous to have the road built without delay, and knowing of said threats of violence made by L., and for the purpose of preventing L. from putting such threats into execution, they entered into the following contract, to wit: "That in consideration of one dollar, this day paid to [the defendant], said parties of the second part, by [L.], said first party, and in further consideration that the said party of the first part will permit the Missouri River, Fort Scott & Gulf railroad company to build and complete said railroad thorough" said land "without any hindrance or obstruction whatever, the said parties of the second part hereby agree to pay to the said party of the first part, forthwith on demand, all damages which the commissioners of Cherokee county may assess to be done to said land by the building of said railroad through said premises, without any appeal whatever." The railroad company then built its road across said land and to Baxter Springs without any further opposition from L. Said commissioners then assessed the damage done the land at $650.40. The defendants then paid $140 thereof, and the balance still remains unpaid. L. then sued the defendants for the balance, and the defendants set up the defense that there was no sufficient consideration for their agreement. *Held,* That the desistance of L. from further opposition to the building of said road across said land, was not a sufficient consideration for the defendants' contract, for the reason that the railroad company had an undoubted right to build its road across its own land without any person paying L. therefor. And further *held,* That, as the contract was an unconscionable contract, extorted by means of threats of violence and wrong, and as the principal part of the consideration which induced the defendants to enter into said contract is not a sufficient consideration therefor, the mere nominal consideration of one dollar is not a sufficient consideration to uphold the contract.

*Error from Cherokee District Court.*

THE district court, at January Term, 1877, gave judgment in favor of *Livingston,* plaintiff. The defendants, *Botkin* and

two others, bring the case here. The facts and proceedings are sufficiently stated in the opinion.

*Rucker Brothers,* for plaintiffs in error.

*John N. Ritter,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The principal question involved in this case is, whether a certain contract entered into between Abraham Livingston, (intestate of D. H. Livingston, plaintiff below, defendant in error,) of the first part, and E. F. Botkin and others, (defendants below, plaintiffs in error,) of the second part, is valid or not. When this case was formerly here, we held that said contract was *prima facie* valid, and that there was nothing then appearing in the case showing that the contract was not valid. (*Botkin v. Livingston,* 16 Kas. 39.) The case, however, is now presented in a different light, and whether the new facts now presented will require a different decision of the case, is the only question requiring our consideration. The only question, as the case is now presented, is: Was there sufficient consideration for the agreement of the defendants below, Botkin and others? The facts are substantially as follows: Said contract was entered into April 1st, 1870. At that time the defendants were residents of Baxter Springs. They desired very much that the Missouri River, Fort Scott & Gulf railroad should be built to that place without delay. Livingston, however, opposed it. The road could not be conveniently built to Baxter Springs, except by building it across the northwest quarter of section 5, in township 34 of range 24, east. Livingston resided upon that quarter-section of land, and he threatened violence if the railroad company should attempt to build its road across this land. He also threatened legal proceedings to enjoin the railroad company from building its road across the land, and employed counsel for that purpose. The defendants, anxious to have the road built without delay, then entered into said contract, which is in substance as follows:

"That in consideration of one dollar, this day paid to said parties of the second part by said first party, and in further consideration that the said party of the first part will permit the Missouri River, Fort Scott & Gulf railroad company to build and complete said road through the northwest quarter of section 5, township 34, range 24, east of sixth principal meridian, without any hindrance or obstruction whatever, the said parties of the second part hereby agree to pay to the said party of the first part forthwith on demand, all damages which the commissioners of Cherokee county may assess, to be done to said land by the building of said railroad through said premises without any appeal whatever."

The railroad company then built and completed its road across said land and to Baxter Springs, without any further opposition from Livingston. Afterward, said county commissioners assessed damages to said land as follows: For land actually taken, $7\frac{24}{100}$ acres, at $10 per acre, $72.40; for hedges, 380 rods, at 35 cents per rod, one-half the actual cost, $133; for general damages to land in increasing the inconvenience in farming and laying off into fields, etc., $445; total, $650.40. Of this sum, the plaintiff was paid $140. The defendants then refused to pay anything more, and the plaintiff then brought this action to recover the balance. It appeared on the trial that Livingston never owned said quarter-section of land. He never had any right or title thereto, or interest therein, but was a mere trespasser thereon. He did not possess even a license from the owner to enter thereon. At the time said contract was made, the land belonged to the railroad company, and it still belongs to it. We suppose that no one will claim that the threats of violence constituted a sufficient consideration for said contract; and yet it was almost wholly, if not entirely because of such threats, that defendants entered into said contract. It does not appear that the defendants ever heard of Livingston's threats to institute legal proceedings, and it certainly does not appear that they were in the least scared by them. Of course, legal proceedings would have been futile, and would not have delayed the building of the road a single minute. The railroad company had the right to build its road across its own land,

and no court in the state would have prevented it. There-
fore, the threats of instituting legal proceedings would also
have been an insufficient consideration for said contract. And
to desist from violence and from other means of preventing
the railroad company from building its road, is just what it
was the duty of Livingston to do without being paid therefor;
and therefore it can hardly be claimed that his desistance was
a sufficient consideration upon which to found a contract.
He had no right to claim that he should be paid for allow-
ing the railroad company to do just what it had a right to do.
He had no right to go upon the land at all, while the rail-
road company had all rights thereon. But the question will
arise: Was not said one dollar a sufficient consideration for
said contract? Now whether said one dollar was ever paid
or not, is not very clearly shown. There is no evidence
showing that it was paid, except the contract itself; and the
other evidence would tend to show that it never was paid.
Probably it never was paid, but for the purposes of this case
we shall consider that it was paid. Then was the one dollar
alone, after the failure of the other considerations, a sufficient
consideration for the contract? Is the payment of one dol-
lar a sufficient consideration for the repayment of $650.50?
That it would not be, has been held in a case similar to this.
See *Schnell v. Nell*, 17 Ind. 29. It would at least be paying
by one party and receiving by the other a very large rate of
interest on the original amount of money received and paid.
But we cannot consider this contract as merely a contract in
good faith to pay and receive one dollar for $650.40. It is
worse than that. It cannot be considered as a contract in
good faith at all. It is an unconscionable contract, extorted
by means of threats of violence and wrong. This is true,
whether the defendants knew that the land belonged to the
railroad company or not. If they knew that the land be-
longed to the railroad company and not to Livingston, then
the contract was clearly extorted from them by means of
threats alone. But if they did not know that the land be-
longed to the railroad company, but believed that it belonged

to Livingston, and he dealt with them as though it did belong to him, then the contract was extorted from them by threats in connection with deception and fraud; and in either case the contract cannot be sustained. In either case the contract was procured by fraud, at least legal fraud, if not actual fraud. If the defendants did not know to whom the land belonged, but believed that it belonged to Livingston, then the fraud was actual. But if they knew to whom the land belonged, but yielded to Livingston's threats merely for the purpose of obtaining what they had a right to have without paying for it and without any contract with Livingston, then the fraud was legal, if not actual. The contract, and, indeed, some of the other evidence, seem to show that the defendants believed that the land belonged to Livingston, and none of the evidence shows that they believed otherwise; and the contract and some of the other evidence seem to show that Livingston dealt with the defendants as though he owned the land, and none of the evidence shows that he dealt with them in any other manner. Hence the weight or preponderance of the evidence seems to indicate that Livingston was guilty of actual as well as of legal fraud in procuring said contract to be made. The consideration of one dollar was merely nominal. It really had no weight in inducing the defendants to enter into the contract. The agreement of Livingston to desist from hindering, obstructing and delaying the building of the railroad was the real and only consideration that induced the defendants to enter into the contract; or, in other words, the only consideration that induced the defendants to enter into said contract was Livingston's agreement, in substance, that he would not put his threats of violence into execution, but would allow the railroad to be built. Now, as the real consideration for the contract must be dropped out as illegal, unwarrantable, and of no value, will the nominal consideration of one dollar support the contract? We think not. If there had been no illegal threats of violence; no illegal threats to hinder the railroad company from doing just what it had a right to do;

no threats of wrong of any kind, then, possibly, such a consideration would uphold the contract; for generally where a consideration is valuable, and no fraud or illegality has intervened, it is not necessary that the consideration should have any proportionate value to the thing to be done for it. Where men are left free to act, the law will generally allow them to make fools of themselves by agreeing to give much for little, if they choose to do so. In such cases, the law will generally allow them to suffer the consequences of their own folly. It is generally, but perhaps not always, the case, that only in cases of a total want of consideration, or of fraud or illegality, or where God or the public enemy or the statute of limitations intervenes, that men are relieved by law from the performance of their own contracts; and then they must generally restore to the other party all that they have received from him, or the law will not assist them. In the present case, the contract is contaminated with fraud and illegality, and while the defendants may have received one dollar and not more, they have returned $140.

We do not think that the plaintiff is entitled to recover in this case. The judgment of the court below will therefore be reversed, and cause remanded with the order that judgment be rendered for the defendants on the findings of the court below.

All the Justices concurring.