J. F. MILLER, *Appellant*, v. GEORGE F. MILLER,
*Appellee*.

No. 16,227.

SYLLABUS BY THE COURT.

DAMAGES—*Inadequate Award—Inconsistent With Verdict for
Plaintiff—Action for Labor.* In an action to recover the value
of personal services it was not disputed that services of sub-
stantial value were rendered, but it was claimed by the de-
fendant that they were to be gratuitous. On this issue the
evidence was conflicting, and the jury returned a verdict for
the plaintiff, assessing his damages at $1. *Held*, that the
verdict is inconsistent, and that it should have been set aside
on the plaintiff's motion, based upon the ground that the re-
covery was too small.

Appeal from Wyandotte court of common pleas;
WILLIAM G. HOLT, judge. Opinion filed December 11,
1909. Reversed.

*James F. Getty, F. D. Hutchings,* and *David F. Car-
son*, for the appellant.

*Edwin S. McAnany*, and *Maurice L. Alden*, for the
appellee.

The opinion of the court was delivered by

BENSON, J.: The plaintiff took charge of the work
of cleaning and repairing several houses of the de-
fendant in Armourdale after the flood of June, 1903,
and sued to recover the value of his services. The
defendant, who is a brother of the plaintiff, contends
that the services were to be gratuitous; that, being
engaged to do similar work in the vicinity for their
mother, the plaintiff undertook this work also, as a
mere friendly service. Each party offered evidence
tending to support his contention. The jury found for
the plaintiff and assessed the amount of his recovery at
$1. The plaintiff moved for a new trial on the ground

that the recovery was too small.   The motion was denied, and he alleges error in this ruling.

There was no dispute concerning the nature of the services.   The amount claimed was $283.50, for superintending the work, employing and paying laborers, and working with them.   The expenses, amounting to $916.50, were advanced by the plaintiff as the work progressed, and the amount was repaid to him by the defendant.   The only questions for the jury were whether the services were to be performed gratuitously, and, if not, then what was their value.   While testimony of such value given by the plaintiff was not conclusive, it is clear that the services were of sub-,stantial value; and, if entitled to recovery at all, the plaintiff should have been awarded what they were reasonably worth.   By finding for the plaintiff the jury determined the issue in his favor, and it only remained to award reasonable compensation.   This is not a case for nominal damages, such as are allowed for the breach of a legal duty which has caused no material loss.   Such an award is permissible in a proper case to vindicate a right where damages are possible but have not been suffered.   (1 Suth. Dam., 3d ed., § 9.)

It is argued that in refusing a new trial on the motion of the plaintiff the trial court may have treated the verdict as, in effect, a finding for the defendant, and that this view is warranted because of the alleged insufficiency of the evidence to support the plaintiff's contention that he was to be paid for his services.   The opinion in *Haven v. Missouri Ry. Co.*, 155 Mo. 216, is cited as approving this practice.   In that case a verdict for nominal damages was returned for personal injuries, and it was held that if the trial court upon a review of the evidence had concluded that the plaintiff ought not to have recovered at all a refusal to set aside the verdict on motion of the plaintiff would have given him no cause of complaint.   But in that case a new trial was granted, and it was held that the order was

Miller v. Miller.

within the discretion of the trial court and it was affirmed.

It is also argued that if the verdict had awarded a substantial sum in favor of the plaintiff it would have been the duty of the court to set it aside on application of the defendant, and that therefore there was no error of which the plaintiff can rightfully complain in denying his motion. This view was apparently taken in *Young v. Great Northern Ry. Co.*, 80 Minn. 123. In that case the plaintiff moved to set aside a verdict in his favor for $500 for personal injuries. The appellate court held that the amount allowed was not sufficient compensation, but affirmed the judgment rendered on the verdict because the evidence was deemed insufficient to fix any liability upon the defendant. In this case, however, there was competent evidence—sufficient, if believed, to uphold a verdict for either party —upon which the jury found for the plaintiff, thus establishing his right to recover; and this court can not say that the trial court held that the verdict was in effect for the defendant although in form for the plaintiff. Nor can we say that in the opinion of the trial court the evidence was insufficient to support the finding for the plaintiff.

The verdict was inconsistent in failing to assess the actual damages legally and logically consequent upon the general finding in favor of the plaintiff. The court might have called the attention of the jury to this inconsistency when the verdict was presented and directed them to find the value of the services or find for the defendant. Having received the verdict, however, the plaintiff's motion should have been sustained.

The judgment is reversed and the cause remanded for further proceedings.