## BASS FURNITURE & CARPET CO. v. ELECTRIC SUPPLY CO.

No. 9925—Opinion Filed April 15, 1924.

(Syllabus.)

**1. New Trial — Grounds — Inadequate Recovery for Injury to Property.**

Under section 572, Comp. Stat. 1921, the plaintiff is entitled to a new trial when the action is for injury to the property of the defendant, and the amount of recovery is too small.

**2. Same—Nominal Damages.**

In an action to recover damages for the destruction of personal property, where the uncontradicted evidence established a loss amounting to many thousands of dollars, and the jury returned a verdict for the plaintiff for one dollar, the plaintiff was entitled to a new trial under section 572, supra.

**3. Same.**

In such case the verdict for the plaintiff was a finding for the plaintiff on the question of liability for the loss sustained by the plaintiff, and the amount of the verdict for one dollar was inconsistent with such finding and verdict should be set aside.

**4. Appeal and Error—Discretion of Trial Court—Scope of Examination of Jurors.**

In an action to recover damages for a loss by fire, which is prosecuted in the name of the insured for the benefit of insurance companies, which have paid the loss, it is entirely proper for counsel to ask the jurors such questions as may reasonably be necessary to ascertain whether they are free from prejudice and bias which may affect their verdict, but questions should not be permitted for the purpose of directing the attention of the jury to the fact of the insurance, and for the purpose of prejudicing the jurors against the party protected by the insurance. The allowance of such questions rest largely in the discretion of the trial court, but a case will be reversed where there has been an abuse of discretion in permitting such questions to be asked.

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by the Bass Furniture & Carpet

Company against the Electric Supply Company. From the judgment plaintiff brings error. Reversed and remanded.

J. P. O'Meara, Chas. E. Bush, and A. F. Moss, for plaintiff in error.

Pat Malloy, M. A. Breckinridge, Chas. A. Bostick, and Lee Daniel, for defendant in error.

COCHRAN, J. Bass Furniture & Carpet Company brought suit against the Electric Supply Company, to recover damages for the loss of a warehouse and furniture stored therein. It was alleged that the warehouse and the furniture were destroyed by fire started through the negligence of a servant of the defendant. The defendant denied the negligence of its servant caused the fire, and also pleaded that the injuries sustained by the plaintiff were caused by the contributory negligence of the plaintiff, its agents and employes. The case was tried to a jury and a verdict returned for one dollar, and judgment was rendered thereon for the plaintiff for one dollar, and costs, from which the plaintiff has appealed.

The plaintiff contends that the court erred in overruling the motion for a new trial, one ground of which was the amount of recovery, the same being too small. Section 572, Comp. Stat. 1921, provides the causes for granting a new trial, and subdivision 5 is as follows:

"Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property."

Section 573, Comp. Stat. 1921, provides:

"A new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal pecuniary injury sustained."

This action was for injuries to the property of the plaintiff, and if there was error in the assessment of the amount of the damages, a new trial should have been granted. The defendant contends that the evidence of the amount of loss sustained by the plaintiff was so unsatisfactory that it cannot be said that the amount of damages recovered did not equal the actual pecuniary injuries sustained by the plaintiff. With this contention we cannot agree. The uncontradicted evidence showed that the warehouse was a building 50 by 130 feet, with the roof and outside walls constructed of sheet iron, and with a wooden floor throughout. That the building was constructed in 1914, and was destroyed on December 14, 1916, and that the reasonable value of the structure was

$3,400 at the time it was destroyed. The testimony further showed that furniture was stored in this warehouse of the market value of $24,000. The evidence is convincing and clear that a substantial loss amounting to many thousand dollars was sustained by the plaintiff by reason of the fire, and if the plaintiff was entitled to recover at all, it was entitled to recover substantial damages, and not nominal damages.

The defendant contends that the verdict for one dollar should be treated as a finding for the defendant on the question of liability, and that such finding is supported by the evidence, as there was no sufficient evidence to justify the jury in finding that the fire was caused by the negligence of the defendant, and that the negligence of the plaintiff contributed thereto. While some authority can be found to support this contention, we believe the better rule has been announced in Miller v. Miller (Kan.) 105 Pac. 544, as follows:

"In an action to recover the value of personal services, it was not disputed that services of substantial value were rendered, but it was claimed by the defendant that they were to be gratuitous. On this issue the evidence was conflicting, and the jury returned a verdict for the plaintiff, assessing his damages at $1. Held that the verdict is inconsistent, and that it should have been set aside on the plaintiff's motion, based upon the ground that the recovery was too small." See, also, Bressler v. McVey (Kan.) 108 Pac. 97; Jackson v. City of Humbolt (Kan.) 113 Pac. 1047.

In the instant case the verdict of the jury was a finding against the defendant on the question of liability for the loss sustained by the plaintiff, and there was sufficient evidence to support that finding. The amount of the verdict, however, cannot be justified by the evidence, and the verdict should have been set aside and a new trial granted.

The plaintiff further complains of the misconduct of attorneys for the defendant in the examination of jurors for the purpose of interposing peremptory challenges. Questions were asked the jurors as to whether they were connected with some ten or more insurance companies, and they were asked further if they had ever been interested in an action of this kind, brought for the benefit of an insurance company, and if they had ever been interested in an action maintained by an insured for the benefit of the insurance company. The plaintiff contends that these questions were asked for the purpose of prejudicing the rights of the plaintiff by disclosing to the jury the fact that the plaintiff was protected by insurance for the loss

sustained, and for which the action was brought, and that the action was for the benefit of the various insurance companies. The defendant contends that the questions were asked in good faith, for the purpose of procuring information upon which to exercise peremptory challenges. A full discussion of the question is found in the note to the case of Egner v. Curtis, Towle & Paine Co., 1915 A., L. R. A., 153.

It is our opinion that it is entirely proper for counsel to ask jurors such questions as may reasonably be necessary to ascertain whether they are free from prejudice and bias which may affect their verdict, and an examination of the veniremen as to their connection with indemnity insurance companies can be asked for the purpose of determining whether the venireman is connected with the company in such way as to probably affect his verdict, but questions should not be submitted for the purpose of directing the attention of the jury to the fact of the insurance and for the purpose of prejudicing the jurors against the party protected by the insurance. The allowance of such questions must necessarily rest largely in the discretion of the trial court, and the case will not be reversed because of the action of the trial court in that regard, unless there has been an abuse of discretion.

In the instant case it is apparent that the examination of the jurors was to a large extent for the purpose of conveying to the persons who would serve as jurors the information that the plaintiff was protected against loss by insurance, and was prosecuting the action for the benefit of an insurance company or companies, and was not for the purpose of ascertaining the possible interest or bias of the jurors by reason of their connection with such companies.

It is our opinion that the examination of the jurors permitted by the trial court constituted an abuse of discretion and was prejudicial to the rights of the plaintiff.

The judgment of the trial court is reversed, and the cause remanded with directions to grant a new trial.

JOHNSON, C. J., and NICHOLSON, HARRISON, and WARREN, JJ., concur.