## ARVILLA G. GUNDERSON v. E. A. DANIELSON.[1]

December 24, 1926.

No. 23,741.

**Verdict perverse.**

Damages in action for personal injuries *held* inadequate and the verdict perverse.

Plaintiff appealed from an order of the district court for Faribault county, Haycraft, J., denying her motion for a new trial. Reversed.

*Lindgren & Pettijohn,* for appellant.

*Putnam & Carlson,* for respondent.

WILSON, C. J.

Plaintiff drove an automobile on a country highway. A car driven by defendant collided with it. In her action, based on negligence, she recovered a verdict for one dollar and has appealed from an order denying her motion for a new trial.

The serious question is the adequacy of the verdict. The cars were traveling at a fair rate of speed and collided at right angles where the roads crossed. Plaintiff's car was tipped over and she was rendered unconscious. She did not realize anything until she was home. A doctor attended her. Subsequently another doctor called twice to attend her. Later she went to his office for professional service. The doctor says he saw her a few times at first "and several times a month or so later." He diagnosed her pain as the result of a sacro iliac sprain. He states there was a slight discoloration. As to whether present pains were due to the accident he said it would be natural to think that they might be but that he couldn't say for sure, and added: "You can have all kinds of pain in your back from an accident or other things." He says his services were worth $7.

[1]Reported in 211 N. W. 471.

Plaintiff's version is: That the first doctor gave her a hypodermic for nervousness; she was in bed about a week; she had sharp pains in her side and the lower part of her back; these pains continued, though not so severe, until and at the time of trial about 3 months after the accident; she did not sleep well; her appetite was not good; she was nervous; her left arm was cut at the elbow and "sort of scraped;" she had black and blue swollen bruises on her legs; for 5 or 6 weeks she was not able to bend over to pick things up. She was regularly employed in a cafe at $12 per week and board. She said that her board was worth $7 per week, and that two weeks after the accident she tried to resume her work but had to give it up.

The jury found liability. It seems to us that there was a fatal inconsistency in finding liability and fixing the damages at one dollar. Obviously the jury compromised damages with liability, disregarding the principles upon which a proper recovery must rest. Alden v. Sacramento S. F. L. Co. 137 Minn. 161, 163 N. W. 133. The evidence does not justify a large verdict. The element of pain and suffering was largely subjective. There was slight objective evidence of injury. But there can be no doubt that she was in an accident, that she necessarily incurred a small doctor's bill and that she lost valuable time. The evidence discloses nothing to indicate that she was feigning as to her pains. She was not a repeater in making such claims. Hence in both these respects the case of Greenfield v. Unique Theatre Co. 146 Minn. 17, 177 N. W. 666, is distinguishable.

In the present case the damages were nominal and manifestly inadequate. We recognize that a jury has great discretion in accepting and rejecting testimony. Particularly is this true as to opinion testimony and as to a person's testimony relating to his own subjective injuries. But upon the record in this case there can be no doubt that plaintiff's expense and loss of time were substantially correct. Her claim of injury is substantiated by the doctor. The degree of her pain rests upon her own statement, and the jury could reject her testimony if they believed such conclusion proper. But the doctor's bill, loss of time, unconsciousness, hypodermic, con-

finement to her bed, bruises and opportunity for injuries of the character she claims to have suffered, all rested upon undisputed testimony although it was susceptible of easy destruction if untrue. There are no circumstances in the record which will support an inference that this portion of her testimony is untrue. Dun. Dig. §§ 9786, 10344. We are not unmindful of the importance of the approval of the verdict by the learned trial court but the record discloses that he gave this approval under the impression that the Greenfield case was controlling. The verdict leaves the impression upon the judicial mind that the jury was actuated by prejudice and passion. The damages were inadequate. Stenshoel v. G. N. Ry. Co. 142 Minn. 14, 170 N. W. 695; Rawitzer v. St. Paul City Ry. Co. 94 Minn. 494, 103 N. W. 499; Shearer v. Puent, 166 Minn. 425, 208 N. W. 182. Such inadequacy renders the verdict perverse. Willett v. Seerup, 151 Minn. 105, 186 N. W. 325; Begin v. Liederbach Bus Co. Inc. 167 Minn. 84, 208 N. W. 546; Olsen v. Brown, 186 Wis. 179, 202 N. W. 167; Steber v. Norris, 188 Wis. 366, 206 N. W. 173, 43 A. L. R. 501.

Reversed.