No. 28,710.

CAROL DANIELS et al., *Appellants,* v. B. HANSEN, *Appellee.*

(276 Pac. 819.)

Opinion filed May 4, 1929.

*Chauncey B. Little* and *Judson S. West,* both of Olathe, for the appellants. No appearance was made for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appellants in this case seek to have the verdict and judgment rendered in their favor for one dollar set aside and a new trial granted. The trial court overruled their motion to that effect, and they allege error.

The action was for $145 damages to their automobile, which they allege they sustained by reason of the negligence of the defendant driving his truck against their automobile. Defendant filed a general denial and a cross petition, alleging negligence on the part of the plaintiffs which injured his truck to the extent of $26.75. The

undisputed evidence as to the amount of damage done to the automobile of the plaintiffs ranged from $72 to $145. The answer does not allege contributory negligence, but charges the plaintiffs with negligence by which defendant's truck was injured. If both parties were negligent there could be no recovery by either. The verdict for the plaintiffs for one dollar conclusively settled the question of negligence. The plaintiffs were not entitled to recover anything unless they established the negligence of the defendant. The only question remaining is the amount of damages sustained by the plaintiffs. It is not a case where nominal damages would apply; it is for actual damages or none. The damages were of a kind that were capable of being rather accurately ascertained, and very different from those for injured feelings, pain and suffering, humiliation, and the like. The jurors may use the knowledge which they possess in common with others to help them consider the evidence, but not to aid them to disregard it. The lowest estimate of damage given by witnesses was $72. The jury was not limited to this minimum as it was to the maximum. The fact that the jury goes so far aside from the only evidence before it, and without anything in the case to indicate how such an amount could have been reached from a consideration of the evidence, prompts the conclusion that the jury must have been influenced by passion or prejudice. It is natural and usual to so conclude when the amount awarded is so small that it is clearly against the weight of the evidence, as we think it is in this case.

"In a proper case the reviewing court may set aside a verdict on the ground that the amount awarded is inadequate, and this it may do, even though the trial court refused to set aside the verdict. Thus it has been held that the verdict may be set aside if the finding is for such an inadequate amount as to indicate that the jury must have been influenced by passion, prejudice . . . where the verdict is so small as to be clearly against the weight of the evidence." (4 C. J. 875.)

"In an action by a wife for damages for the alienation of her husband's affections, where there is evidence which tends to show that as a consequence she suffered great mental anguish and agony, a verdict for the plaintiff for $1 is so small and inadequate as to show that the jury was influenced by passion or prejudice." (*Bracken v. Champlin,* 114 Kan. 882, syl. ¶ 1, 220 Pac. 1038.)

"While the jury are the exclusive judges of the credibility of the witnesses, they are not authorized arbitrarily or from partiality or caprice to disregard uncontradicted and unimpeached testimony or facts shown beyond question both by testimony and by admission." (*Sundgren v. Stevens,* 86 Kan. 154, syl. ¶ 2, 119 Pac. 322.)

It was held in the case of *Thompson v. Burtis,* 65 Kan. 674, 70

Pac. 603, that where the general verdict involves a plain and material inconsistency it should be set aside and a new trial granted. The verdict should be consistent with and sustained by the evidence, and where the amount named in the evidence is at least 72 times the amount of the verdict it can hardly be said to come within that rule.

"In an action to recover the value of personal services it was not disputed that services of substantial value were rendered, but it was claimed by the defendant that they were to be gratuitous. On this issue the evidence was conflicting, and the jury returned a verdict for the plaintiff, assessing his damages at $1. *Held,* that the verdict is inconsistent, and that it should have been set aside on the plaintiff's motion, based upon the ground that the recovery was too small." (*Miller v. Miller,* 81 Kan. 397, syl., 105 Pac. 544. See, also, *Jackson v. Humboldt,* 84 Kan. 445, 113 Pac. 1047; *Discount Co. v. Bank,* 101 Kan. 253, 166 Pac. 476; *Russell v. Newman,* 116 Kan. 268, 226 Pac. 752.)

The verdict is not only inconsistent with and not sustained by the undisputed evidence in this case, but it is also so inadequate as compared with the only evidence on the subject as to clearly show that the jury must have been influenced by passion or prejudice, and should therefore be set aside.

The judgment is reversed and the cause is remanded for a new trial.