No. 29,843.

CHARLES W. JOHNSON, Receiver of the Bank of Powhattan, *Appellee*, v. R. L. FUNK (CARL H. FUNK, *Appellant*).

(297 Pac. 670.)

Opinion filed April 11, 1931.

*Walker F. Means* and *Lloyd S. Miller,* both of Hiawatha, for the appellant.

*W. E. Archer,* of Hiawatha, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal is taken from an order setting aside an execution sale of real estate of R. L. Funk, a judgment debtor. Charles W. Johnson, the receiver of the bank of Powhattan, had obtained a judgment against R. L. Funk for $13,245.80. Upon an execution duly issued, and after proper notice, sales were made of the real estate, consisting of four parcels, to Carl H. Funk, a brother of the judgment debtor, subject to mortgages and unpaid taxes thereon. The bid on each of the tracts was $1, and the sheriff's return was that he had received from the purchaser the sum of $4 for all the land levied upon. It appears that on one tract of 240 acres there was a mortgage of $20,000, on another tract of 160 acres there was a first mortgage in the amount of $7,500, and a second mortgage on the same tract of $900. Upon an undivided one-half interest in another tract of 40 acres there was a mortgage of $3,000, and on still another tract a half interest in 80 acres, there was a mortgage of $3,000. The court held that the bid of $1 on each of the tracts sold was insufficient consideration to constitute a valid sale, and therefore set it aside with the direction to the sheriff to refund to the purchaser the dollars paid by him. The point is made that the sale proceedings were regular and that, in the absence of evidence that there were no irregularities, fraud or

inequity, the court had no alternative than to confirm it. No evidence was offered of any irregularity in the sale nor as to the inequity of the result. Was it within the power of the court to determine from the face of the record that the sale did not conform to equitable considerations, or could it determine that a sale of tracts of land for a mere nominal consideration is not a valid sale? Each tract was sold for a consideration of $1, regardless of the quality of the land sold, or of the extent of the mortgages upon it. Under the statute as it formerly existed a sale made in conformity with law was ordinarily confirmed, but the amended statute relating to confirmation of sheriff's sales requires that the sale be made not only in conformity with law, but also in conformity with equitable principles. (R. S. 60-3463.) So it is that under the present statute a sale may be set aside, although regularly made, upon equitable grounds. (*Anschutz v. Steinwand*, 97 Kan. 89, 154 Pac. 252. See, also, *Bank v. Murray*, 84 Kan. 524, 114 Pac. 847.) The court has a reasonable discretion in determining whether a sale shall be confirmed or not, to be exercised on equitable principles. (*Bank v. Murray*, supra.) Mere inadequacy of price is seldom a ground for setting a sale aside, but one made for a grossly inadequate price has always been regarded with suspicion and slight additional circumstances warrant the court in setting a sale aside. (*Means v. Rosevear*, 42 Kan. 377, 22 Pac. 319.) Where, however, a sale is made for a mere nominal consideration, as was done in this instance, it does not constitute a valid sale and the court is warranted, without more, in setting it aside. The sheriff, whose duty it was to protect the interests of all the parties and to see that the property was not sacrificed, should have returned the execution as "no sale for want of bidders," and where such a sale is brought to the attention of the court it can do no less than declare the sale to be invalid. The amount of the bid for Brown county land was a mere bagatelle and is of no more force than as if it had been a penny. A dollar each for two of the tracts was only a small fraction of a cent an acre, and the other two tracts were proportionately small. The sale price would constitute a trifling part of the costs of the sale.

The court was warranted in interfering to prevent the abuse of its process and to defeat such an obvious injustice and the carrying out of such an illegal scheme. (*Lankford v. Jackson et al.*, 21 Ala. 650; *Davis v. McCann*, 143 Mo. 172.) As to $1 awards and verdicts in other transactions, reference may be made to *Botkin v. Living-*

*ston,* 21 Kan. 232-236; *Thompson v. Burtis,* 65 Kan. 674, 70 Pac. 603; *Miller v. Miller,* 81 Kan. 397, 105 Pac. 544; *Sundgren v. Stevens,* 86 Kan. 154, 119 Pac. 322; *Bracken v. Champlin,* 114 Kan. 882, 220 Pac. 1027. Beyond the consideration that only a nominal price was bid, the court doubtless took notice of the fact that the sales had been made to a brother of the judgment debtor, and as the court is deemed to know what all well-informed persons know the judge could take notice of what is and ought to be generally known within the limits of his jurisdiction, and therefore knew that land in that county was of substantial value. It is also well known that the mortgage companies rarely, if ever, make loans on farms of more than fifty per cent of their actual value at the time. More than all these considerations, the court knew and was justified in finding that a sale for a nominal consideration, less than a cent an acre, was unconscionable and invalid.

Our conclusion is that the order of the court setting aside the sale should stand, and it is therefore affirmed.

SLOAN, J., not participating.