No. 31,963

Charles W. Johnson, as Receiver of the Commercial State Bank of Rosedale, *Appellee*, v. Miles W. Gates, *Appellant*.

(41 P. 2d 717)

Opinion filed March 9, 1935.

*Louis R. Gates*, of Kansas City, for the appellant.

*J. H. Brady* and *N. E. Snyder*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action upon a promissory note. Judgment was for plaintiff. Defendant appeals.

Plaintiff alleged the execution of the note, that it was due and unpaid, and prayed judgment. Defendant answered and filed an answer and cross petition, admitting the execution of the note by himself and wife, and that it was past due and unpaid. He further alleged that at the time the note was executed he and his wife executed and delivered to plaintiff a mortgage on certain real estate, and that the mortgage was given to secure payment of the note sued on, and that the property at the time the action was begun still existed, undiminished in value. The answer then alleged that if the action went to judgment, and sale was had, that it would be a personal judgment and an execution sale, rather than a judicial sale, and that there would be a redemption period of eighteen months from a judicial sale.

The answer and cross petition then set out chapter 218 of the Laws of 1933, as follows:

"SECTION 1. The court in determining whether or not the proceedings in judicial sales are regular and in conformity with law and equity as expressed in section 60-3463 of the Revised Statutes of Kansas of 1923, may decline to confirm the sale where the bid is substantially inadequate, or in ordering a sale or a resale, may, in its discretion, if conditions or circumstances warrant, and after a proper hearing, fix a minimum or upset price at which the premises must be bid in if the sale is to be confirmed, or the court may, upon application for the confirmation of the sale, if it has not theretofore fixed an upset price, conduct a hearing to establish the value of the property, and as a condition to confirmation require that the fair value of the property be credited upon the judgment, interest, taxes and costs. A sale for the full amount of the judgment, taxes, interest and costs shall be deemed adequate. This act is intended as declaratory of the equity powers now existent in the courts under section 60-3463 of the Revised Statutes of Kansas of 1923."

Also, the answer and cross petition set out chapter 232 of the Laws of 1933. That section is as follows:

"SECTION 1. A moratorium is hereby declared upon all periods of redemption from judicial sales which were running at the beginning of the present emergency created by the bank moratorium under federal and state orders and which expire during the moratorium as defined in section 2 hereof. All such periods of redemption as provided by law shall be extended until the conclusion of said moratorium and no writ of assistance shall be issued or served, and no sheriff's deed shall be issued or delivered during such moratorium.

"SEC. 2. Said moratorium shall extend for six months from and after the

4th day of March, 1933: *Provided,* In case at or before the expiration of the six-months period, it shall in the judgment of the governor of the state of Kansas, be necessary for the preservation of the public peace, health and safety so to do, and in case in his judgment said emergency still exists, then the governor of the state of Kansas is hereby authorized to extend said moratorium for a period of not exceeding six months.

"Sec. 3. Wherever a receiver has heretofore been appointed or may hereafter be appointed in a proceeding to foreclose any lien upon real estate, such appointment shall be set aside during said moratorium, except that a receiver, at the discretion of the court having jurisdiction thereof, may be appointed in cases of waste or where necessary for the preservation of the property.

"Sec. 4. It being immediately necessary for the preservation of the public peace, health and safety, an emergency is hereby declared to exist by reason whereof this resolution shall take effect and be in force from and after its publication in the official state paper."

The answer and cross petition then alleged that the governor had declared the emergency to exist as provided for in that chapter.

The answer then alleged that the plaintiff, by bringing the action on the note and not asking foreclosure of the mortgage, was seeking to deprive defendant of the rights granted to him by the statutes quoted, and that plaintiff would, unless restrained, proceed to obtain a judgment upon which to base an execution sale; and that if plaintiff did proceed to an execution sale plaintiff would be deprived of the rights secured to him by the acts quoted, and that the sale would be an execution sale instead of a judicial sale.

Plaintiff filed a motion for judgment on the pleadings. This motion was allowed by the court; hence this appeal. The judgment from which the appeal is taken is simply for the amount of the indebtedness, which defendant does not dispute.

Defendant argues here that this court has held that execution sales, as well as judicial sales, should not be confirmed where there was a want of equity in the sale price. There can be but little doubt as to the correctness of this rule. (See *Johnson v. Funk,* 132 Kan. 793, 297 Pac. 670; also, *Kaw Valley State Bank v. Chumos,* 138 Kan. 714, 27 P. 2d 244.)

The trouble with the position of defendant is that he has appealed too soon. The judgment is for the amount of money which defendant admits he owes. This court has held recently, following former authorities, that one who holds a note secured by a mortgage could sue and recover judgment on the notes alone and cause execution to be issued and levied upon other property than that mortgaged. (See *Farmers & Bankers Life Ins. Co. v. Brown,* 140 Kan.

458, 36 P. 2d 960.)   This case had progressed to that stage when this appeal was taken.   The arguments that have been made here might very well be made to the trial court at some later stage of the case.   As the record now stands, there is nothing which this court can review.

The judgment of the trial court is affirmed.