HICKS, Respondent, *v.* STRAIN BROS., Appellant.

(No. 7,884.)

(Submitted May 26, 1939.   Decided July 8, 1939.)

[92 Pac. (2d) 766.]

*Messrs. R. H. Glover, S. B. Chase, Jr.,* and *John D. Stephenson,* for Appellant, submitted an original and a reply brief; *Mr. Chase* argued the cause orally.

*Mr. E. J. Stromnes,* for Respondent, submitted an original and a supplemental brief, and argued the cause orally.

600

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This in an action for personal injuries sustained by plaintiff as a result of alleged negligence on the part of defendant. She asked for general damages in the sum of $15,000, and for special damages of $5,000 for loss of earnings, $500 for physician's services, $48 for hospitalization and X-rays and $200 for services of a nurse.

The answer was a general denial and an affirmative plea of contributory negligence on the part of plaintiff. The reply denied the affirmative allegations of the answer. The evidence was undisputed that as a result of the injuries sustained by plaintiff she was obligated to pay $48 for hospital services and X-rays and a doctor bill for $175. There was sharp conflict in the evidence on the issue of defendant's negligence and plaintiff's contributory negligence. The jury returned the following verdict: "We, the jury in the above entitled action find our verdict for the plaintiff and assess plaintiff's damages in the sum of $1.00 One Dollar—00/100." Judgment was entered accordingly.

Plaintiff on May 28, 1938, and within the time allowed by law therefor, moved for a new trial upon the following grounds:

"1. Irregularity in the proceedings of the jury;

"2. Insufficiency of the evidence to justify the verdict;

"3. That the verdict is against law;

"4. Error in law, occurring at the trial, and accepted to by the plaintiff."

The motion was argued and submitted to the court on June 7. On June 22 the motion was granted in general terms. Thereafter, and on June 24, there was filed the following order:

"Plaintiff, Jessie Hicks, having heretofore filed her motion for new trial herein and said motion having come on duly to be heard on the 7th day of June, 1938, and the same having been argued by counsel for the respective parties on said date and by the Court taken under advisement, and the Court having duly considered the same and being fully advised in the premises.

"It is ordered that the said motion be, and the same is hereby granted upon the sole ground that if the plaintiff was entitled to recover any damages in this case such damages under the evidence would be an amount in excess of One Dollar ($1.00).

"This order is signed *nunc pro tunc* as of June 22, 1938."

Defendant has appealed from both orders granting a new ▮ trial. Plaintiff made a cross-assignment of error, questioning the validity of the *nunc pro tunc* order filed on June 24. Her contention on this point is that since the 15-day period within which a motion for new trial must be decided had elapsed on June 22 (sec. 9400, Rev. Codes), the order filed on June 24th was a nullity. Under the view we take of the case it is unnecessary to discuss that feature of the case.

If the order of June 24 can be resorted to for any purpose, it is simply to show what prompted the trial court to grant the motion for a new trial, and as indicating that other grounds asserted in the motion for a new trial were in effect overruled. (*Ebaugh* v. *Burns,* 65 Mont. 15, 210 Pac. 892.)

Assuming, without deciding, that we may resort to the *nunc* ▮ *pro tunc* order for these purposes, we still believe that the court was warranted in granting a new trial. Defendant takes the position that the verdict, being for nominal damages only, was in effect a verdict for defendant, and since the evidence was such that a verdict for defendant would have been proper, a new trial should not be granted on plaintiff's motion. There are cases supporting this contention. (*Rubinson* v. *Des Moines City R. Co.,* 191 Iowa, 692, 182 N. W. 865; *Hubbard* v. *Incorpo-*

rated *Town of Mason City,* 64 Iowa, 245, 20 N. W. 172; *Talty* v. *City of Atlantic,* 92 Iowa, 135, 60 N. W. 516; *Snyder* v. *Portland Ry. Light & Power Co.,* 107 Or. 673, 215 Pac. 887; *Fulmele* v. *Forrest,* 4 Boyce (27 Del.) 155, 86 Atl. 733; *Haffner* v. *Cross,* 116 W. Va. 562, 182 S. E. 573; *Shipley* v. *Virginia R. Co.,* 87 W. Va. 139, 104 S. E. 297.) Applying the same rule where the award was $5,000: *Vanek* v. *Chicago etc. R. Co.,* (D. C.) 252 Fed. 871; *Sullivan* v. *Wilson,* (Mo. App.) 283 S. W. 743. On the other hand, there are cases taking the contrary view. Thus, in *Bass Furniture & Carpet Co.* v. *Electric Supply Co.,* 101 Okl. 293, 225 Pac. 519, there was a verdict for plaintiff for $1. The action was for damages to property caused by alleged negligence of defendant. Defendant denied negligence and pleaded contributory negligence on the part of plaintiff. The uncontradicted evidence showed that the value of the real property destroyed was $3,400 and of the furniture $24,000. The court said:

"The evidence is convincing and clear that a substantial loss amounting to many thousand dollars was sustained by the plaintiff by reason of the fire, and if the plaintiff was entitled to recover at all it was entitled to recover substantial damages, and not nominal damages.

"The defendant contends that the verdict for $1 should be treated as a finding for the defendant on the question of liability, and that such finding is supported by the evidence, as there was no sufficient evidence to justify the jury in finding that the fire was caused by the negligence of the defendant, and that the negligence of the plaintiff contributed thereto. While some authority can be found to support this contention, we believe the better rule has been announced in *Miller* v. *Miller,* 81 Kan. 397, 105 Pac. 544, as follows: 'In an action to recover the value of personal services, it was not disputed that services of substantial value were rendered, but it was claimed by the defendant that they were to be gratuitous. On this issue the evidence was conflicting, and the jury returned a verdict for the plaintiff, assessing his damages at $1. Held, that the verdict is incon-

sistent, and that it should have been set aside on the plaintiff's motion, based upon the ground that the recovery was too small.' ''

Continuing, the court said: ''In the instant case the verdict of the jury was a finding against the plaintiff [meaning defendant] on the question of liability for the loss sustained by the plaintiff, and there was sufficient evidence to support that finding. The amount of the verdict, however, cannot be justified by the evidence, and the verdict should have been set aside and a new trial granted.''

In *San Giuliano* v. *Black & White Cab Co.*, 7 N. J. Misc. 448, 145 Atl. 872, plaintiff recovered a verdict for $3. The court in granting a new trial said: ''By its verdict the jury declared that the driver of the defendant's cab was guilty of negligence causing the accident and that the boy did not contribute thereto by his own negligence. This is a necessary conclusion to be reached upon the finding that the plaintiff was entitled to recover. If this finding is justified by the evidence, the award of $3 as compensation for the boy's injuries is entirely without justification, in view of the medical testimony in the case; and the verdict ought to be set aside for that reason.'' To the same effect is *Klotz* v. *Mango*, 6 N. J. Misc. 373, 141 Atl. 164.

In *McKibben* v. *Anthony*, 185 S. C. 459, 194 S. E. 446, 447, the court was dealing with a $1 verdict for punitive and actual damages, and said: ''We have read with care the record in the case at bar; and while it is true that the testimony is in sharp conflict as to the cause of the collision, the jury by their verdict said that the defendants were guilty of the delict charged; that is to say, that the injuries suffered by the plaintiffs were proximately caused by the negligent and willful acts of the defendants. The plaintiffs proved, as the evidence discloses, that their damages were substantial. The jury, therefore, as held by Judge Johnson, did not adequately remunerate them for their damages, pain, and suffering; the verdict being grossly inadequate. Upon full consideration, we find no abuse of discretion on the part of the presiding judge in granting the new trial.''

In *Gunderson* v. *Danielson* 169 Minn. 399, 211 N. W. 471, the supreme court held that the trial court erred in denying a new trial where the jury awarded $1 damages when plaintiff, if entitled to anything, was entitled to substantial damages. The court said: "The jury found liability. It seems to us that there was a fatal inconsistency in finding liability and fixing the damages at $1. Obviously the jury compromised damages with liability, disregarding the principles upon which a proper recovery must rest." To the same effect is *Daniels* v. *Hansen*, 128 Kan. 251, 276 Pac. 819, where there was a verdict for $1.

The reasons given by the supreme court of Iowa in sustaining the trial court's order granting a new trial in a $1 verdict in the case of *Herrman* v. *O'Connor*, 209 Iowa, 1277, 227 N. W. 584, 585, would indicate that that court has departed from its earlier rulings in the cases cited above. In the last cited case it said: "If appellee was entitled to recover at all as found by the jury the amount of recovery should necessarily have been much greater than that fixed by the jury."

Other cases ruling that a new trial is proper when a $1 verdict is awarded and where the plaintiff was entitled to more, if anything, are the following: *Riggs* v. *Smith*, 52 Idaho, 43, 11 Pac. (2d) 358; *Clark* v. *Spurdis*, (Tex. Civ. App.) 258 S. W. 881; *Smith* v. *Kansas City*, (Mo. Sup.) 184 S. W. 82; *Travers* v. *Macon Ry. & Light Co.*, 19 Ga. App. 15, 90 S. E. 732. In *Brown* v. *Wyman*, 224 Mich. 360, 195 N. W. 52, an order denying a new trial in a case where a six-cent verdict was rendered, was reversed. A $1 verdict was before the supreme court of Arkansas in the case of *Martin* v. *Kraemer*, 172 Ark. 397, 288 S. W. 903, 904, and the court said: "Counsel for appellee contend that, the evidence being conflicting on the question of responsibility for the collision, the verdict of the jury was a mere compromise, and that this accounts for the fact that the jury awarded only nominal damages. This is not, however, a correct interpretation of the verdict, and the conflict therein cannot be reconciled in that way. We can only treat the verdict as settling the question of liability, and, if the amount of damages

fixed by the jury was supported by substantial testimony, we would affirm the judgment, but such is not the case. The undisputed evidence is that the damage amounted to at least $47, and, according to the testimony adduced by appellant, it amounted to considerably more than that sum. Under similar conditions, this court has reversed judgments of trial courts.''

We cannot regard the verdict as one for defendant; to do so is to change the verdict. The jury presumptively were furnished with a form verdict for defendant, but declined to sign it. They signed a verdict for plaintiff. We must accept that as fixing defendant's liability, or else find the jury guilty of misconduct or irregularity. If we find the jury guilty of misconduct or irregularity, then that itself is a ground for a new trial. However we construe the verdict, we cannot say that the trial court erred in granting the motion for new trial. The trial judge treated the verdict as one for plaintiff so far as defendant's liability was concerned, and doubtless felt that he was warranted in so doing.

For an additional reason we must affirm the action of the trial court. The statement in the *nunc pro tunc* order—if it is proper for us to resort to it at all—does not show definitely the ground upon which the motion for new trial was granted. It had to be granted if at all, upon one or the other of the four grounds specified in the motion set out above. If the motion was granted on the second ground, as it seems to us most likely from the statement in the *nunc pro tunc* order, then it involved the exercise of discretion on the part of the trial court which we will not overturn in the absence of an abuse thereof. (*Bull* v. *Butte Elec. R. Co.*, 69 Mont. 529, 223 Pac. 514; see, also, *Brennan* v. *Mayo*, 100 Mont. 439, 50 Pac. (2d) 245, and cases cited.)

The order is affirmed.

MR. CHIEF JUSTICE JOHNSON and MR. JUSTICE ERICKSON concur.

ASSOCIATE JUSTICES MORRIS and STEWART concur in the result.